SHERRY v EAST SUBURBAN FOOTBALL LEAGUE

Docket No. 295792. Submitted March 1, 2011, at Detroit. Decided March 17, 2011, at 9:05 a.m.

Jessicca Sherry, a minor, by her next friend, Renee Sherry, brought an action in the Macomb Circuit Court against the East Suburban Football League (ESFL), the Macomb Youth Football Club (MYFC), Julie Lange, Stephanie Vallie, and others, seeking damages for injuries sustained while performing a stunt at a camp for cheerleaders of the ESFL. At the time the injury occurred, plaintiff cheered on the junior varsity cheerleading team for the Macomb Mustangs, a team organized through the MYFC, a nonprofit organization and franchise member of the ESFL. Vallie was the cheer coordinator for the Macomb Mustangs and Lange served as coach for the junior varsity cheerleading team. Defendants moved for summary disposition, contending that because there was no evidence that defendants were grossly negligent or engaged in reckless misconduct they could not be held liable for plaintiff's injuries. The court, Donald G. Miller, J., granted the motion. Plaintiff appealed, contending that the court erred by applying the reckless-misconduct standard and should have applied an ordinary-negligence standard.

The Court of Appeals *held*:

1. The gross-negligence standard applies in cases involving coaches of publicly sponsored athletic teams who are entitled to governmental immunity. The reckless-misconduct standard applies in cases alleging negligence on the part of coparticipants in recreational activities, including when a coach is acting as a coparticipant. The ordinary-negligence standard of care applies in cases alleging negligence on the part of nonparticipating coaches and organizations involved in privately sponsored recreational activities. The trial court erred by holding that the reckless-misconduct standard, rather than the ordinary-negligence standard, applied in this case involving nonparticipating coaches and organizations and privately sponsored recreational activities.

2. Genuine issues of material fact existed regarding whether defendants exercised ordinary care under the circumstances. Viewing the evidence in the light most favorable to plaintiff, it

cannot be said as a matter of law that defendants provided proper supervision or that plaintiff's injuries were unforeseeable. It cannot be concluded as a matter of law that defendants did not cause plaintiff's damages. Summary disposition was improperly granted and the order granting summary disposition must be reversed.

3. The trial court did not abuse its discretion by refusing to consider the affidavit of plaintiff's expert witness that was not notarized.

4. Because the trial court erred by granting summary disposition in favor of defendants and did not rule on plaintiff's motion in limine regarding alleged discovery abuses, the trial court must consider the motion in limine on remand.

5. The trial court did not err by refusing to enter a judgment in favor of plaintiff under MCR 2.116(I)(2) because genuine issues of material fact remain regarding whether defendants failed to exercise the appropriate level of care to ensure plaintiff's safety.

Reversed and remanded.

1. ACTIONS — PERSONAL INJURY — NEGLIGENCE — RECREATIONAL ACTIVITIES — STANDARD OF CARE.

The gross-negligence standard of care applies in cases alleging negligence involving coaches of publicly sponsored athletic teams who are entitled to governmental immunity; the reckless-misconduct standard applies in cases alleging negligence on the part of coparticipants in recreational activities, including when a coach is acting as a coparticipant; the ordinary-negligence standard applies in cases alleging negligence on the part of nonparticipating coaches and organizations involved in privately sponsored recreational activities.

2. NEGLIGENCE — PRIMA FACIE CASE — FORESEEABILITY.

A prima facie case of negligence requires the establishment of four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages; in ordinary negligence cases, whether the defendant has breached a duty of care owed to the plaintiff is dependent on foreseeability; the question is whether the defendant's action or inaction created a risk of harm to the plaintiff and whether the resulting harm was foreseeable.

3. AFFIDAVITS — NOTARIZATION.

An affidavit lacking notarization is invalid and need not be considered by a trial court.

*The Erskine Law Group, P.C.* (by *Scott M. Erskine*), for Jessicca Sherry.

*Garan Lucow Miller, P.C.* (by *Caryn A. Gordon*), for the East Suburban Football League, the Macomb Youth Football Club, Julie Lange, and Stephanie Vallie.

Before: CAVANAGH, P.J., and JANSEN and SERVITTO, JJ.

PER CURIAM. Jessicca Sherry, a minor, by her next friend, Renee Sherry,[1] appeals as of right the trial court's order granting summary disposition in favor of defendants the East Suburban Football League (ESFL), the Macomb Youth Football Club (MYFC), Julie Lange, Stephanie Vallie, Jane Doe 1, and Jane Doe 2.[2] We reverse the trial court's order granting summary disposition to defendants and remand the case for further proceedings consistent with this opinion.

Plaintiff sustained injuries while performing a stunt, called a full extension cradle,[3] at "Spirit Day," a camp for cheerleaders of the ESFL. At the time, plaintiff cheered on the junior varsity team for the Macomb Mustangs, a team organized through the MYFC. The MYFC is a nonprofit organization and franchise member of the ESFL. Stephanie Vallie served as cheer coordinator for the Macomb Mustangs, and Julie Lange

---

[1] We refer to Jessicca as plaintiff.

[2] The trial court had entered a consent order dismissing all claims against defendant Carol Bommarito on November 10, 2009. Accordingly, Bommarito is not a party in the instant appeal notwithstanding the fact that defendants' appellate counsel's appearance includes Bommarito. The order also dismissed count III of plaintiff's complaint alleging violation of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*

[3] In a half extension, two bases each hold one of the flier's feet at their chest level and a third base stands in back as a spotter. In a full extension, the bases extend their arms straight, lifting the flier above their head level. To finish the extension, the bases catch the flier in a cradle.

served as coach for the junior varsity cheerleading team. According to plaintiff, her injuries occurred as a result of defendants' negligence and gross negligence in, among other things, failing to properly train and supervise the cheerleaders.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), contending that there was no evidence that defendants were grossly negligent or engaged in reckless misconduct, so that they could not be held liable for plaintiff's injuries. The trial court, quoting *Gibbard v Cursan*, 225 Mich 311; 196 NW 398 (1923), overruled by *Jennings v Southwood*, 446 Mich 125; 521 NW2d 230 (1994), agreed that plaintiff must demonstrate reckless misconduct and that, because she failed to do so, summary disposition in defendants' favor was appropriate. In denying plaintiff's motion for reconsideration, the trial court relied on *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 94; 597 NW2d 517 (1999), to find that plaintiff's argument lacked merit.

## I. APPLICABLE STANDARD OF CARE

Plaintiff first argues that the trial court erred by applying the reckless-misconduct standard of care adopted in *Ritchie-Gamester*. According to plaintiff, ordinary negligence principles apply, and genuine issues of material fact remain regarding whether defendants acted negligently in the supervision of plaintiff. We agree.

We review de novo decisions on motions for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Summary disposition under MCR 2.116(C)(10) is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Rose v Nat'l Auction*

*Group*, 466 Mich 453, 461; 646 NW2d 455 (2002). In reviewing the trial court's decision, "we consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id.* The general standard of care is a question of law for the courts, and thus subject to review de novo. *Moning v Alfono*, 400 Mich 425, 438; 254 NW2d 759 (1977).

In *Ritchie-Gamester*, the Michigan Supreme Court set out to decide "the proper standard of care among coparticipants for unintentional conduct in recreational activities." 461 Mich at 77. The undisputed facts of the case were that the defendant, a 12-year-old girl, while skating backwards during an open-skating period at an ice rink, ran into the plaintiff and knocked her to the ground, causing serious injury to the plaintiff's knee. *Id.* at 75. The Court stated:

> [W]e join the majority of jurisdictions and adopt reckless misconduct as the minimum standard of care for coparticipants in recreational activities. We believe that this standard most accurately reflects the actual expectations of participants in recreational activities. . . . [W]e believe that participants in recreational activities do not expect to sue or be sued for mere carelessness. A recklessness standard also encourages vigorous participation in recreational activities, while still providing protection from egregious conduct. Finally, this standard lends itself to common-sense application by both judges and juries. [*Id.* at 89.]

Unlike the claim in *Ritchie-Gamester*, plaintiff's claim in this case is not against a coparticipant. Therefore, the reckless-misconduct standard adopted in *Ritchie-Gamester* is inapplicable. The Court in *Ritchie-Gamester* was careful, in fact, to note the limited reach of its holding. In addition, the justifications that the Supreme Court cited for adopting the reckless-misconduct standard do not support extending the

standard to coaches and organizations. Coaches and organizations can expect to be sued for their carelessness, and holding coaches and organizations to an ordinary negligence standard of care does not discourage vigorous participation in recreational activities. Had plaintiff brought her claim against other cheerleaders, who may properly be considered coparticipants in the recreational activity of cheerleading, then, perhaps, the reckless-misconduct standard announced in *Ritchie-Gamester* would apply. Nothing in *Ritchie-Gamester*, however, precludes ordinary-negligence claims against coaches and organizations involved in recreational sports.

The case of *Behar v Fox*, 249 Mich App 314, 316-318; 642 NW2d 426 (2002), in which a panel of this Court applied the reckless-misconduct standard from *Ritchie-Gamester* to a soccer coach, is distinguishable from the case at hand. In *Behar*, the plaintiffs sued the defendant, their son's soccer coach, after he collided with or kicked their son in the knee during a soccer scrimmage, resulting in a torn anterior cruciate ligament. *Id.* at 315. The plaintiffs contended that the ordinary-negligence standard should apply, but this Court disagreed. *Id.* at 316. This Court stated, "the mere fact that [the] plaintiffs' minor son was injured in a collision with an adult coach rather than with a larger child coparticipant is of insufficient distinction to take this case out of the realm of the *Ritchie-Gamester* standard." *Id.* at 318. It further noted that the defendant "was as much a 'coparticipant' in the scrimmage as he was a coach." *Id.* Thus, although the reckless-misconduct standard applies in cases where a coach is acting as a coparticipant, the ordinary-negligence standard remains applicable in typical failure-to-supervise cases.

Further, in several cases involving recreational activities, this Court has held nonparticipating parties to an ordinary-negligence standard in the absence of an applicable immunity statute. See *Woodman v Kera, LLC*, 280 Mich App 125, 127-130; 760 NW2d 641 (2008), aff'd 486 Mich 228 (2010); *Tarlea v Crabtree*, 263 Mich App 80; 687 NW2d 333 (2004). The gross-negligence standard applies in cases involving coaches of publicly sponsored athletic teams who are entitled to governmental immunity, *id.* at 83-89, and the reckless-misconduct standard applies in cases alleging negligence on the part of coparticipants in recreational activities, *Ritchie-Gamester*, 461 Mich at 89. Defendants, however, cite no authority to support their position that the reckless-misconduct standard announced in *Ritchie-Gamester*, or any other heightened standard, applies in cases alleging negligence on the part of nonparticipating coaches and organizations involved in privately sponsored recreational activities.

A prima facie case of negligence requires the establishment of four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Henry v Dow Chem Co*, 473 Mich 63, 71-72; 701 NW2d 684 (2005). Having determined that ordinary care is the appropriate standard of care in this case, the next question is whether genuine issues of material fact remain regarding whether defendants' conduct fell below that standard. In ordinary negligence cases, whether the defendant has breached his or her duty of care owed to the plaintiff is dependent on foreseeability. *Laier v Kitchen*, 266 Mich App 482, 494; 702 NW2d 199 (2005). The question is whether the defendant's action or inaction created a risk of harm to the plaintiff, and whether the resulting harm was foreseeable. *Schuster v Sallay*, 181 Mich App 558, 563; 450 NW2d 81 (1989).

Here, there remain genuine issues of material fact regarding whether defendants exercised ordinary care under the circumstances. Viewing the evidence in the light most favorable to plaintiff, it cannot be said as a matter of law that defendants provided proper supervision of the stunting station or that plaintiff's injuries were unforeseeable. Although a coach was supposed to be positioned at the stunting station, no coach was present when plaintiff suffered her injury. Without proper supervision, the girls in plaintiff's group who were in high school became inattentive and engaged in horseplay. Although a coach was notified, she simply threatened the high school girls with running laps if they dropped plaintiff. Despite this threat, the high school girls continued horsing around and were not counting properly to ensure their synchronization. The girls then attempted to execute an advanced cheerleading stunt with plaintiff, who had never before performed the maneuver. On the whole, we find that reasonable minds could differ regarding whether an individual exercising ordinary care would foresee that a young girl without proper supervision or training would become injured in an attempt to execute an advanced cheerleading stunt with a group of high school girls on a grass football field.

Defendants argue that, applying any standard of care, plaintiff cannot establish the requisite element of causation. We disagree. Reasonable minds could differ regarding whether it is foreseeable that unsupervised, high school girls assisting in the execution of difficult cheerleading stunts will become inattentive to the point of creating a risk of harm. Exercising due care, perhaps defendants would have maintained supervision at the stunting station, removed the girls who were incapable of focusing, or introduced only those stunts that were appropriate given the cheerleaders' ages and skill lev-

els. Thus, we are unable to conclude as a matter of law that defendants did not cause plaintiff's damages. At the very least, questions of fact remain, and summary disposition in defendants' favor was improper.

II. FAILURE TO CONSIDER THE AFFIDAVIT OF PLAINTIFF'S EXPERT

Plaintiff next challenges the trial court's refusal to consider the affidavit of plaintiff's expert witness. "[T]he decision whether to admit or exclude evidence is reviewed for an abuse of discretion." *Elezovic v Ford Motor Co*, 472 Mich 408, 419; 697 NW2d 851 (2005). A trial court's decision on a motion for reconsideration is also reviewed for an abuse of discretion. *Tinman v Blue Cross & Blue Shield of Mich*, 264 Mich App 546, 556-557; 692 NW2d 58 (2004). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007). We hold that the trial court did not abuse its discretion when it refused to consider the affidavit for the reason that the affidavit lacked notarization.

To be valid, an affidavit must be (1) a written or printed declaration or statement of facts, (2) voluntarily made, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. *Detroit Leasing Co v Detroit*, 269 Mich App 233, 236; 713 NW2d 269 (2005). Because an affidavit lacking notarization is invalid, a trial court need not consider it. *Id.* Although plaintiff points out that defendants never contested the affidavit's validity, plaintiff cites no legal authority that would preclude a trial court from refusing sua sponte to consider an invalid affidavit.

Plaintiff also argues that, although notarization was lacking, plaintiff's expert signed the affidavit and swore

to its validity. That the affidavit comported with *some* elements required for validity, however, is not a basis to ignore that the affidavit failed to comport with *all* elements required for validity.

Finally, plaintiff argues that the trial court should have admitted the affidavit because she was prejudiced by its exclusion. To support this argument, plaintiff cites the harmless-error rule—where a trial court considers a defective affidavit on a motion for summary disposition, a challenging party must show prejudice resulting from the defect, or any error is harmless. *Hubka v Pennfield Twp*, 197 Mich App 117, 119-120; 494 NW2d 800 (1992), rev'd in part on other grounds 443 Mich 864 (1993). Plaintiff distorts the harmless-error rule. In *Hubka*, the trial court committed an error when it considered defective affidavits in ruling on a motion for summary disposition. In such case, reversal is appropriate only if the error resulted in prejudice. Here, however, the trial court properly refused to consider the defective affidavit—i.e., the trial court did not err. Any prejudice plaintiff may have suffered is a result of her own failure to see that the affidavit comported with the requirements for admission. Because the trial court did not err by refusing to consider the affidavit, plaintiff cannot claim prejudice resulting from that decision.

### III. FAILURE TO RULE ON PLAINTIFF'S MOTION IN LIMINE

Plaintiff next argues that the trial court erred by refusing to hear her motion in limine to preclude any undisclosed witnesses and evidence from use or admission at trial. We agree.

We review a trial court's evidentiary decisions for an abuse of discretion. *People v Martzke*, 251 Mich App 282, 286; 651 NW2d 490 (2002). However, because the

trial court never ruled on plaintiff's motion in limine, there is no decision for us to review. *Village of Hickory Pointe Homeowners Ass'n v Smyk*, 262 Mich App 512, 516-517; 686 NW2d 506 (2004). We can, however, consider the trial court's failure to hold a hearing on plaintiff's motion in limine.

The trial court never heard plaintiff's motion in limine, scheduled for the same day as defendants' motion for summary disposition. Likely the trial court found it unnecessary to rule on the motion in limine considering that it decided to grant defendants' motion for summary disposition—there would be no trial. After the trial court granted defendants' motion for summary disposition, plaintiff filed a motion for reconsideration, in part, requesting an inference that defendants' witnesses would be adverse, since defendants had failed to produce the names of any coach or other personnel who witnessed plaintiff's fall. In denying plaintiff's motion for reconsideration, the trial court indicated that plaintiff waived her right to assert any ongoing discovery issues.

Plaintiff argues that she did not waive her right to assert any ongoing discovery issues because she filed a motion in limine, which was pending for hearing when the trial court granted defendants' motion for summary disposition. She raised the issue regarding defendants' abusive discovery tactics again in her motion for reconsideration. We agree with plaintiff. Waiver is defined as the intentional or voluntary relinquishment of a known right. *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 374; 666 NW2d 251 (2003). There is simply no indication that plaintiff intentionally or voluntarily waived her right regarding a claim of discovery abuse. Quite the opposite, her course of conduct showed her strong desire to exercise such a right. Accordingly,

waiver is not a valid ground for the trial court's refusal to rule on plaintiff's motion in limine.

Defendants argue that the trial court did not abuse its discretion by refusing to hear plaintiff's motion in limine because, given that the trial court granted defendants' motion for summary disposition, there would be no trial. Because we find that the trial court erred by granting defendant's motion for summary disposition, however, defendants' argument lacks merit.

There now being no valid ground for refusing to rule on the motion in limine, the trial court is instructed to consider the same. Accordingly, we remand the case for consideration of plaintiff's motion.

### IV. JUDGMENT UNDER MCR 2.116(I)(2)

In her last argument on appeal, plaintiff argues that the trial court erred by refusing to enter judgment as a matter of law in her favor as an opposing party under MCR 2.116(I)(2). We review de novo a trial court's decision to grant or deny summary disposition. *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 657; 651 NW2d 458 (2002). "The trial court appropriately grants summary disposition to the opposing party under MCR 2.116(I)(2) when it appears to the court that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Id*. at 658.

Plaintiff asserts the following undisputed facts, which she contends entitled her to judgment as a matter of law under MCR 2.116(I)(2): (1) no coach was present at the stunting station; (2) the girls stunting with plaintiff were reprimanded by a coach for engaging in horseplay; (3) despite being on notice of the risks, the coach walked away; (4) the MYFC supervisors were not supervising plaintiff at the time of the incident; and (5) defendants did not make it known that stunting would

be incorporated into Spirit Day's curriculum. Plaintiff further argues that an expert opined that defendants were negligent and even grossly negligent. According to plaintiff, an adult could have prevented plaintiff's injuries. Therefore, she argues, the trial court erred by granting summary disposition in favor of defendants, and should have granted judgment as a matter of law in favor of plaintiff under MCR 2.116(I)(2). We disagree.

Even assuming that the facts set forth above are undisputed, genuine issues of material fact remain regarding whether defendants failed to exercise the appropriate level of care to ensure plaintiff's safety. Given that ordinary negligence rather than reckless misconduct is the appropriate test in this case, certainly plaintiff has set forth sufficient evidence to survive defendants' motion for summary disposition. It remains the case, however, that plaintiff must prove (1) duty, (2) breach, (3) causation, and (4) damages before judgment may enter in her favor. The bare conclusions regarding negligence or gross negligence made by plaintiff's expert, who was not present on the day in question and whose affidavit was ruled invalid by the trial court, were insufficient to unequivocally establish breach and causation. Rather, questions of fact remain.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

CAVANAGH, P.J., and JANSEN and SERVITTO, JJ., concurred.