# STATE OF MICHIGAN

# COURT OF APPEALS

A & A FREELAND, LLC,

        Plaintiff-Appellant,

v

LINALL TINNON, also known as LENELL
TINNON, also known as LENNELL TINNER,
MARY TINNON, and BTZ CORPORATION,

        Defendants,

and

HAIDAR A. ZGHIR, also known as ABDEL
AYOUB ZAGHIR, also known as ABDEL
AYOUB ZRGHIR, also known as HAIDAR A.
ZAGHIR, KASSEM CARL HABHAB, FATME
HABHAB, SAMIR HARB, and AMIL HARB,

        Defendants-Appellees,

and

ALI HAMEED ALRIFEE,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

VANGUARD TITLE INSURANCE AGENCY,
LLC,

        Third-Party Defendant.

UNPUBLISHED
June 19, 2018

No. 337016
Wayne Circuit Court
LC No. 15-009269-CK

Before: SWARTZLE, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

-1-

Plaintiff A & A Freeland, LLC appeals as of right an order granting summary disposition to defendants Haidar A. Zghir, Kassem Carl Habhab, Fatme Habhab, Samir Harb, Amil Harb, and Ali Hameed Alrifee[1] (referred to collectively as defendants) in this action by plaintiff seeking to quiet title to real estate and asserting related claims of breach of a joint venture or partnership agreement between plaintiff and Alrifee, promissory estoppel, and fraud in the inducement. We affirm.

## I. BACKGROUND

This case concerns a tract of land in the City of Detroit comprised of several adjacent lots. Before the trial court, plaintiff argued that it owned the property and contributed it to an oral joint venture or partnership with Alrifee, the purpose of which was to build a junkyard or used-car lot on the property. Plaintiff claimed that it contributed the property to Alrifee by warranty deed and without consideration and that, once Alrifee obtained the property, he rescinded the parties' oral agreement. As noted above, plaintiff brought several claims against Alrifee resulting from the breakdown of this alleged agreement. Plaintiff also sought to quiet title in his favor against the defendants.

Defendants filed a motion for summary disposition under MCR 2.116(C)(10) arguing that plaintiff did not own the property that it claimed to have contributed to the purported business venture. Defendants attached several documents to their motion supporting this assertion, including a seller's closing statement, a buyer or borrower statement, a land-title survey, and multiple deeds. Collectively, the documents showed that the Tinnon defendants purchased three of the relevant lots at a tax sale in 1990 and later sold the property to Alrifee. The remaining land was owned by the Habhabs who also sold the property to Alrifee. Defendants also stated that there was no joint-venture or partnership agreement between plaintiff and Alrifee. Alrifee signed a verification of the motion for summary disposition that stated, "I declare the factual statements above are true to the best of my information, knowledge and belief."

Plaintiff did not respond to defendants' motion for summary disposition or provide any documentary evidence to counter defendant's arguments. At the hearing on defendants' motion, plaintiff agreed that there was not a written joint-venture or partnership agreement and that his purported sale of the property to the joint venture or partnership was not in writing. The trial court noted that plaintiff had not provided any proof of sale sufficient to satisfy the statute of frauds and concluded, based on defendants' documentary evidence, that all the property at issue was owned by Alrifee, who purchased it from the Tinnons and Habhabs. Accordingly, the trial court granted defendants' motion for summary disposition. This appeal followed.

## II. ANALYSIS

We review de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Summary disposition is appropriate under MCR 2.116(C)(10) when, viewing the evidence in a light most favorable to the

---

[1] The other defendants are not involved in this appeal.

nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016).

On appeal, plaintiff argues that defendants failed to support their motion with admissible evidence because the written verification of the motion signed by Alrifee did not comprise an affidavit that could be used to support the motion. We agree with plaintiff that Alrifee's verification did not comprise an affidavit because it was not notarized. *Sherry v East Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859 (2011). Further, the verification was conclusory and devoid of detail. *Quinto v Cross & Peters Co,* 451 Mich 358, 371-372; 547 NW2d 314 (1996); *Hamade v Sunoco Inc (R & M)*, 271 Mich App 145, 163; 721 NW2d 233 (2006). Accordingly, had defendants supported their motion solely with Alrifee's verified statement, we would agree with plaintiff that defendants did not support their motion for summary disposition with sufficient documentary evidence.

Defendants, however, did not rely only on Alrifee's verification, but rather supported their motion with other documentary evidence, including a seller's closing statement, a buyer or borrower statement, a land-title survey, and multiple deeds. On the basis of the documents appended to their summary disposition motion, defendants contended that plaintiff did not own the property that it claimed to have contributed in furtherance of a purported joint venture or partnership agreement between plaintiff and Alrifee. Before the trial court, plaintiff did not provide any documentary evidence in response to defendant's motion or even file a responsive brief.

Plaintiff continues to ignore this documentary evidence on appeal, instead focusing on the verification issue. Plaintiff fails to make any substantive challenge to defendants' argument that the documentation confirms that plaintiff did not own the property that it claimed to have contributed in furtherance of a purported business venture. A party may not simply "leave it up to this Court to discover and rationalize the basis for his claims or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (internal citation and quotation marks omitted).

Plaintiff also argues that the trial court improperly considered defense counsel's arguments as evidence when deciding whether to grant defendants' motion for summary disposition. See *Hazle v Ford Motor Co*, 464 Mich 456, 474; 628 NW2d 515 (2001). Despite plaintiff's assertion, there is no indication that the trial court relied on the statements of defense counsel as evidence when deciding to grant summary disposition. On the contrary, it is clear from the trial court's comments at the hearing that it based its decision on the documentary evidence appended to defendants' motion.

Affirmed.

/s/ Brock A. Swartzle
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra