*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

THOMAS COMPOSTO,

        Plaintiff-Appellee,

v

MICHALINA ALBRECHT and PIOTR ALBRECHT, as Next Friend of PHILIP ALBRECHT,

        Defendants-Appellants.

FOR PUBLICATION
May 30, 2019
9:05 a.m.

No. 340485
Macomb Circuit Court
LC No. 2016-002879-NI

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

GADOLA, J.

In this interlocutory appeal, defendants, Michalina Albrecht and Piotr Albrecht, as next friend of Philip Albrecht (Philip), appeal on leave granted the trial court's orders granting a motion in limine establishing the standard of care applicable in this negligence suit, and denying defendants' motion for summary disposition. We reverse and remand to the trial court for proceedings consistent with this opinion.

## I. FACTS

The facts underlying this case are essentially undisputed. On August 2, 2015, plaintiff, Thomas Composto, was walking on the Hike-Bike Trail at Stony Creek Metropark. The Hike-Bike Trail, as its name implies, is used for both walking and bicycling, as well as for running and inline skating. On that day, then nine-year-old Philip was riding his bicycle on the trail with his parents, Michalina and Piotr. Philip was riding down a hill and saw plaintiff walking ahead of him. Philip braked and tried to swerve to avoid striking plaintiff, but because there were oncoming trail users, he failed to avoid plaintiff and struck him from behind. Plaintiff tore his quadriceps, and suffered other lacerations and contusions.

Plaintiff initiated this action, alleging that Philip caused the collision by riding his bicycle negligently, resulting in plaintiff's injuries. Before the trial court, plaintiff filed a motion in limine seeking to establish that the applicable standard of care Philip owed in this case was that of ordinary negligence. Plaintiff argued that the reckless misconduct standard, usually applied

-1-

when parties are engaged in recreational activities, did not apply in this case because plaintiff and Philip were engaged in different activities at the time of their collision. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing that Philip's conduct did not amount either to ordinary negligence or reckless misconduct.

After a hearing, the trial court granted plaintiff's motion in limine, determining that the applicable standard of care was that of ordinary negligence. The trial court denied defendants' motion seeking reconsideration of the determination, and after a further hearing, denied without prejudice defendants' motion for summary disposition as premature. This Court thereafter granted defendants' application for leave to appeal.[1]

## II. DISCUSSION

Defendants contend that the trial court erred in determining that the applicable standard of care in this case is that of ordinary negligence. The issue of the applicable standard of care is a question of law that we review de novo. *Sherry v East Suburban Football League*, 292 Mich App 23, 27; 807 NW2d 859 (2011).

Generally, to establish a prima facie case of negligence, a plaintiff must establish (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) damages suffered by the plaintiff, and (4) that the damages were caused by the defendant's breach of duty. *Finazzo v Fire Equip Co*, 323 Mich App 620, 635; 918 NW2d 200 (2018). Duty is the legal obligation to conform one's conduct to a particular standard to avoid subjecting others to an unreasonable risk of harm. *Burnett v Bruner*, 247 Mich App 365, 368; 636 NW2d 773 (2001). The duty a defendant typically owes to a plaintiff often is described as an ordinary negligence standard of care. See *Sherry*, 292 Mich App at 28. Under ordinary negligence principles, a defendant owes a plaintiff a duty to exercise ordinary care under the circumstances. See *Id*. at 29-30.

However, "[w]hen people engage in a recreational activity, they have voluntarily subjected themselves to certain risks inherent in that activity." *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 87; 597 NW2d 517 (1999). As a result, "coparticipants in a recreational activity owe each other a duty not to act recklessly." *Id*. at 95. This recklessness standard of care, however, extends only to "injuries that arise from risks inherent to the activity." *Bertin v Mann*, 502 Mich 603, 609; 918 NW2d 707 (2018). Thus, to determine the standard of care applicable when an injury arises involving coparticipants in a recreational activity, a court must consider whether the injuries arose from risks inherent to that recreational activity.

To determine the applicable standard of care in this case, the first inquiry is whether plaintiff and Philip were coparticipants in a recreational activity. Both plaintiff and Philip were engaging in recreational activity at the time of the accident; Philip was biking, while plaintiff was walking. In doing so, both were using a trail specifically designated for the mixed uses of

---

[1] *Composto v Albrecht*, unpublished order of the Court of Appeals, entered March 15, 2018 (Docket No. 340485).

walking and biking, among other recreational activities. We compare the circumstances of this case to those of *Ritchie-Gamester*, where both parties were ice skating during an "open skate" at a public ice rink when they collided. In adopting the reckless misconduct standard, the *Ritchie-Gamester* Court recognized "the everyday reality of participation in recreational activities," where "[a] person who engages in a recreational activity is temporarily adopting a set of rules that define that particular pastime or sport." *Ritchie-Gamester*, 461 Mich at 86. Ultimately, the Court stressed that coparticipants engaging in a recreational activity have "voluntarily subjected themselves to certain risks inherent in that activity." *Id.* at 87. Applying these principles in the context of ice skaters participating in an open skate at a public ice arena, the Court in *Ritchie-Gamester* explained:

> The risks on an ice rink are no less obvious than those on a golf course. One cannot ice skate without ice, and the very nature of ice—that it is both hard and slippery—builds some risk into skating. In addition, an "open skate" invites those of various ages and abilities onto the ice to learn, to practice, to exercise, or to simply enjoy skating. When one combines the nature of ice with the relative proximity of skaters of various abilities, a degree of risk is readily apparent: Some skaters will be unable to control their progress and will either bump into other skaters, or fall. All skaters thus take the chance that they will fall themselves, that they will be bumped by another skater, or that they will trip over a skater who has fallen. [*Id.* at 88-89.]

Significantly, the Court "stated this standard broadly as applying to all 'recreational activities,' " and further noted that "the precise scope of this rule is best established by allowing it to emerge on a case-by-case basis, so that we might carefully consider the application of the recklessness standard in various factual contexts." *Id.* at 89 n 9.

Here, plaintiff, who was walking, and Philip, who was biking, were not engaged with each other in precisely the same recreational act or sport at the time of their collision. As the trial court observed, walking is an inherently different activity than biking. However, both plaintiff and Philip were engaged in using a shared, multi-use trail, and thus were "coparticipants" in the activity of using the trail.[2] In this factual context, by choosing to use the

---

[2] To conclude otherwise would subject the trail users to various standards of care depending upon with whom they interacted. If a bicyclist collided with another bicyclist, the defendant bicyclist would be held to a reckless misconduct standard of care, but if the bicyclist collided with an inline skater, he would be held to a standard of care for ordinary negligence. What if an inline skater collided with a skate boarder, or a runner with a walker? We decline to indulge the fiction of different standards of care created by ever-more finely drawn distinctions in the precise activity engaged in, and instead implement the reasoning and spirit of *Ritchie-Gamester*. We find the use of the multi-use trail akin to the "open skate" in *Ritchie-Gamester*. Just as the ice rink during open skate accommodates the speed skater and the ice dancer, the novice and the expert, the multi-use trail accommodates various modes of conveying oneself down the trail by participants with different levels of skill and ability, all engaged in the umbrella activity of "recreational trail use."

Hike-Bike Trail for recreational purposes, plaintiff voluntarily subjected himself to the inherent, readily apparent, and foreseeable risks, not just of walking, but of using a shared, multi-use recreational trail together with other trail users. Mindful of *Ritchie-Gamester*, we consider "recreational activity" to encompass the parties' shared use of the multi-use trail specifically designated for recreational purposes, such that the reckless-misconduct standard of care applies if plaintiff's injuries resulted from an inherent risk of using the trail. See *Bertin*, 502 Mich at 609.

The next inquiry is whether getting hit by a bicycle is an inherent risk of using a hike-bike trail. In *Bertin*, our Supreme Court held that to determine whether a risk is inherent in a recreational activity, "the analysis must focus on whether the risk was reasonably foreseeable under the circumstances." *Id*. at 613. The Court reasoned that "because the rationale for the limited duty [of the reckless misconduct standard] is that the participants have voluntarily elected to participate knowing that they might be injured, it makes sense to define the 'inherent risks' in an activity by what is reasonably foreseeable – by what the participants did foresee or should have foreseen . . . ." *Id*. "[T]he assessment of whether a risk is inherent to an activity depends on whether a reasonable person under the circumstances would have foreseen the particular risk that led to injury. If so, then the risk is inherent and the reckless-misconduct standard of care applies." *Id*. at 619.

In Michigan, foreseeability depends upon whether a reasonable person "could anticipate that a given event might occur under certain conditions." *Iliades v Dieffenbacher North America Inc*, 501 Mich 326, 338; 915 NW2d 338 (2018), quoting *Samson v Saginaw Prof Bldg, Inc*, 393 Mich 393, 406; 224 NW2d 843 (1975). Whether a risk is foreseeable is a question of fact, and is an objective test focusing on what risks the reasonable participant, under the circumstances, would have foreseen. *Bertin*, 502 Mich at 619-620. "The risk must be defined by the factual circumstances of the case – it is not enough that the participant could foresee being injured in general; the participant must have been able to foresee that the injury could arise through the 'mechanism' it resulted from." *Id*. at 620-621. Relevant facts include the characteristics of the participants, including their experience with the activity, and their relationship to each other and to the activity. *Id*. at 621.

Because the determination of the foreseeability of the risk of harm is a factual question, the Court in *Bertin* remanded to the trial court in that case "to determine whether there is a genuine issue of material fact as to whether a participant in the activity in question would, under the circumstances, have reasonably foreseen the risk of this particular injury." *Id*. at 622. As in *Bertin*, we remand to the trial court in this case to address whether a genuine issue of material fact exists as to whether a participant in the activity of using a multi-use trail, under the circumstances, reasonably would have foreseen the risk of being struck by a bicyclist. The trial court should focus on "what risks a reasonable participant, under the circumstances, would have foreseen." *Id*. at 620.

In summary, plaintiff and Philip were coparticipants in the recreational activity of using the shared, multi-use trail for its intended recreational purposes under the reasoning of *Ritchie-Gamester*. The trial court therefore erred in finding that the reckless misconduct standard of care did not apply because the parties were not engaged in precisely the same recreational activity. However, the reckless misconduct standard only applies to injuries that arise from risks inherent

in the activity. Whether a risk is inherent in a recreational activity for purposes of establishing the applicable standard of conduct is determined by asking whether the risk was reasonably foreseeable, which is a question of fact for the fact-finder. Consistent with *Bertin*, we remand to the trial court to determine the foreseeability of the risk of harm, and without prejudice to defendants thereafter renewing their motion for summary disposition before the trial court.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Karen M. Fort Hood