*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAHAR ANN SHOUNEYIA,

        Plaintiff-Appellant,

v

MARCY HAHN,

        Defendant-Appellee.

UNPUBLISHED
February 10, 2026
9:38 AM

No. 371972
Oakland Circuit Court
LC No. 2023-199974-NM

Before: RICK, P.J., and YATES and MARIANI, JJ.

PER CURIAM.

Plaintiff, Sahar Ann Shouneyia, filed this legal-malpractice action against the attorney who represented her in her divorce case. That attorney, Marcy Hahn, obtained summary disposition of plaintiff's claim under MCR 2.116(C)(10). Plaintiff now appeals of right the summary disposition award as well as the trial court's denial of plaintiff's motion for reconsideration. We affirm.

## I. FACTUAL BACKGROUND

In 2020, plaintiff was involved in a divorce proceeding with her former husband, Shawn Shouneyia.[1] Defendant represented plaintiff in that divorce. The divorce case was resolved when a consent judgment was entered on April 22, 2021. Two years later, on April 21, 2023, plaintiff, acting *in propria persona*, filed a complaint commencing the instant case. That complaint, in its entirety, stated that defendant "barely did any discovery on my ex-husband. She didn't do her job and was extremely negligent." Plaintiff later retained an attorney, who submitted a more robust amended complaint that asserted professional negligence. The amended complaint alleged that defendant had failed to conduct sufficient discovery regarding Shawn's assets, and, as a result, Shawn possessed hidden assets, so the distribution in the consent judgment was inequitable.

Plaintiff's claim was built on the theory that defendant had failed to adequately investigate Shawn's ownership interests in various businesses. Plaintiff contended that the only ownership

---

[1] Because he shares a surname with plaintiff, we will refer to Shawn Shouneyia by his first name.

interest Shawn held that was taken into account for purposes of the divorce settlement was a 5% interest in a company called DRYmedic Restoration Novi, LLC (DR Novi), which was valued at $4.205 million at that time. Plaintiff also asserted that a company called DRYmedic Restoration Services, LLC (DRS) was sold in November 2022 for $45.556 million. In her complaint, plaintiff treated DR Novi and DRS as one and the same, insisting that because of defendant's negligence, the divorce settlement was based on a $41 million undervaluation of the company in which Shawn held an interest. In addition, plaintiff alleged that defendant negligently advised her that plaintiff was not entitled to receive spousal support. Shortly after filing the amended complaint, plaintiff's attorney withdrew from the case, and plaintiff proceeded without representation for the remainder of the case.[2]

On April 2, 2024, defendant moved for summary disposition under both MCR 2.116(C)(8) and (10).[3] Defendant presented several arguments in support of the motion, including that plaintiff had failed to satisfy the proximate-cause element of her professional-negligence claim. Defendant insisted that Shawn had only had an ownership interest in DR Novi; he never owned an interest in DRS. To support that allegation, defendant attached an affidavit of Carlos Hesano, who founded both companies. Hesano averred that Shawn owned a 5% share of DR Novi, but he had never had any ownership interest in DRS. Defendant concluded that because plaintiff had failed to show that Shawn had not fully disclosed his assets in the divorce, she could not establish that she would have achieved a more favorable outcome absent defendant's alleged negligence. Defendant also argued that, because the consent judgment of divorce included a provision that required the forfeiture of undisclosed assets, plaintiff could not demonstrate that she had been injured by any shortcomings in defendant's representation.

Plaintiff responded, contending that summary disposition was improper because she had established each element of her claim. She asserted that defendant's inadequate investigation of Shawn's business interests caused plaintiff to obtain considerably less in marital assets than she was entitled to receive. Additionally, plaintiff argued that defendant had a conflict of interest that created a rebuttable presumption of malpractice. Plaintiff submitted copies of checks that Shawn had received from "Drymedic Restoration Services Mitigation Division" and from "Drymedic Restoration Services Recon Division." Plaintiff also attached an expert affidavit stating that, based on the checks that reflected distributions from DryMedic Restoration Services, defendant was on notice that further discovery was required.

Defendant replied, furnishing a second affidavit from Hesano in which he explained that "Drymedic Restoration Services Mitigation Division" and "Drymedic Restoration Services Recon Division" were divisions of DR Novi, and that DRS did not have any divisions. He stated that the checks plaintiff presented "drew on bank accounts in each division's name under DryMedic Novi's tax identification number."

---

[2] A different attorney represented plaintiff for the limited purpose of filing and serving subpoenas, but no other attorney represented plaintiff for any other purpose.

[3] Defendant had sought summary disposition months earlier, but the trial court denied that request because there was outstanding discovery that it believed could be relevant.

The trial court held a hearing on defendant's motion on May 22, 2024. Plaintiff contended that checks Shawn received—which she provided to the court as copies—were "owner draws" that established that Shawn had an interest in DRS. Further, she claimed that she had evidence that "DRYmedic Restoration Services" was a pseudonym of DR Novi, but she acknowledged that that evidence was not in the record. The trial court pressed plaintiff on what evidence supported the theory that any negligence by defendant was the proximate cause of an injury plaintiff suffered in the divorce proceedings. Plaintiff responded that if defendant "had done more due diligence, she would have seen this was changing hands, this was changing ownership, this was a d/b/a."

In a written opinion and order, the trial court awarded summary disposition to defendant under MCR 2.116(C)(10). The trial court determined that summary disposition was appropriate because plaintiff had failed to demonstrate proximate cause, the attorney-judgment rule protected defendant's strategic decisions in representing plaintiff in her divorce, and plaintiff's claims were barred by judicial estoppel. Plaintiff moved for reconsideration of that order, which the trial court denied. Plaintiff now appeals.

## II. LEGAL ANALYSIS

On appeal, plaintiff challenges the trial court's award of summary disposition to defendant, identifying several purported issues with that decision. Additionally, plaintiff argues that the trial court erred by denying her motion for reconsideration. Finally, plaintiff insists that the trial court erred when it denied several of plaintiff's motions. We will address each of these three arguments in turn.

## A. SUMMARY DISPOSITION

Plaintiff challenges the trial court's award of summary disposition to defendant on several grounds. Plaintiff asserts that the trial court (1) failed to recognize that defendant's discovery in the underlying divorce was insufficient, (2) erred when it determined that plaintiff had failed to establish proximate cause, (3) failed to adequately "consider the financial implications of the DBA 'Drymedic Restoration Services' and its divisions," (4) erred when it ruled that judicial estoppel precluded plaintiff's claim, (5) erred when it determined that the attorney-judgment rule barred plaintiff's claim, (6) failed to address plaintiff's allegations about defendant's conflict of interest and breach of fiduciary duty, and (7) erred when it decided that plaintiff had an alternative remedy that barred her claim. Those arguments focus on Shawn's allegedly hidden business interests, but they do not address the other argument plaintiff made to the trial court that defendant's purported malpractice resulted in a loss of spousal support. We disagree that the trial court erred by awarding summary disposition to defendant.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Under MCR 2.116(C)(10), summary disposition is justified if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In analyzing a request for summary disposition under MCR 2.116(C)(10), we must draw all reasonable inferences in favor of the non-moving party.

-3-

*Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). Additionally, we must "review the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. " *Odom v Wayne Co*, 482 Mich 459, 466-467; 760 NW2d 217 (2008) (quotation marks omitted).

"In an action for legal malpractice, the plaintiff has the burden of proving: (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was the proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Coleman v Gurwin*, 443 Mich 59, 63; 503 NW2d 435 (1993) (citation omitted). "[A] plaintiff in a legal malpractice action must show that but for the attorney's alleged malpractice, he would have been successful in the underlying suit." *Id*. "[I]t is generally held that before such recovery can be had the client must establish that, absent the act or omission complained of, the claim lost would have been recovered . . . ." *Id*. at 64. "Often the most troublesome element of a legal malpractice action is proximate cause." *Charles Reinhart Co v Winiemko*, 444 Mich 579, 586; 513 NW2d 773 (1994). "[T]o prove proximate cause a plaintiff in a legal malpractice action must establish that the defendant's action was a cause in fact of the claimed injury." *Id*. Thus, "the client seeking recovery from his attorney is faced with the difficult task of proving two cases within a single proceeding." *Id*. (quotation marks and citation omitted). This requirement prevents a plaintiff from recovery "on the basis of speculation and conjecture." *Id*. at 586-587.

Here, the trial court did not err by deciding that there was no genuine issue of material fact and that plaintiff had failed to establish the proximate-cause element of a professional-negligence claim. The trial court ruled that plaintiff had failed to identify a genuine issue regarding Shawn's ownership interest in DRS, and that that failure precluded her from establishing proximate cause. The trial court based its determination on Hesano's affidavit, which it found was uncontradicted by plaintiff's evidence. It determined that plaintiff's expert's opinion that Shawn had additional assets not considered in the divorce settlement was based on incorrect factual assertions, i.e., that the checks Shawn received were drawn on a DRS account, even though Hesano's affidavit stated that those checks were not drawn on a DRS account.

On appeal, plaintiff has not established any error in the trial court's determinations or in its ultimate ruling that summary disposition was appropriate. To prove that Shawn had a previously undisclosed ownership interest in DRS, plaintiff relied on her expert's affidavit and checks Shawn received from bank accounts belonging to "DryMedic Restoration Services Mitigation Division" and "Drymedic Restoration Services Recon Division." But as Hesano explained, the names on the bank accounts from which the checks were drawn, i.e., "DryMedic Restoration Services Mitigation Division" and "Drymedic Restoration Services Recon Division," were divisions within DR Novi, not within DRS. Although that organizational structure is confusing, no evidence contradicts the statement in Hesano's affidavit that those checks came from a department of DR Novi. Therefore, the checks do not provide evidence that Shawn had an ownership interest in DRS. And contrary to plaintiff's argument, no evidence supports the claim that the trial court failed to understand the organizational structure of the various entities or failed to appreciate the names under which those entities conducted business.

Beyond that, plaintiff's expert's affidavit does not create a genuine issue of material fact. The expert's opinion rested on the fact that Shawn received checks from DRS, which "should have alerted Defendant to conduct further discovery to determine the existence and extent of [Shawn's]

ownership interest in DryMedic Restoration Services, a company which only 18 months after the entry of the Consent Judgment of Divorce sold for over forty-five million dollars." But as Hesano explained in his affidavit, those checks came from divisions of DR Novi. The trial court correctly decided that the expert's opinion was based on "the incorrect assertion . . . that the checks received by Shawn were drawn on a DRS account." The trial court then concluded that because the expert's opinion was predicated on incorrect facts, it did not create a genuine issue of material fact on the issue of proximate cause. That conclusion is supported by precedent. *Skinner v Square D Co*, 445 Mich 153, 174; 516 NW2d 475 (1994) (holding that expert opinions were deficient "because each lacked a basis in established fact" and that, "[b]ecause the experts' conclusions regarding causation are premised on mere suppositions, they did not establish an authentic issue of causation").

The trial court correctly determined that there was no genuine issue of fact as to Shawn's lack of ownership interest in DRS. Because plaintiff's claim of professional negligence depended on the fact that Shawn had an undisclosed ownership interest in DRS and so the divorce settlement was inequitable, the trial court did not err when it granted summary disposition to defendant under MCR 2.116(C)(10).

In addition, the trial court's award of summary disposition is bolstered by its determination that even if Shawn had a hidden interest in DRS, plaintiff still could not establish proximate cause or damages because the judgment of divorce included a provision that permitted plaintiff to reopen the divorce proceedings and seek forfeiture of those previously undisclosed assets. Because there was an available remedy, the trial court decided that plaintiff had not suffered an injury that could give rise to a legal-malpractice claim.

The consent judgment of divorce included a "disclosure of assets" provision, which stated that in the event that "either party has failed, either intentionally or unintentionally, to disclose any of his or her assets, the issue of property division may be reopened on the motion of either party to determine and resolve the distribution of any previously undisclosed assets." It further provided that "the party owning such undisclosed assets may be liable to forfeit the same to the other party."

On appeal, plaintiff does not dispute that the remedy identified by the trial court exists, but she insists that that remedy "does not negate that [defendant's] failure to conduct proper discovery initially led to an inequitable settlement." Contrary to plaintiff's contention, that is exactly what the provision does. To the extent that any insufficient discovery led to Shawn successfully hiding assets during the divorce proceeding, the provision gives plaintiff the ability to reopen the issue of property division "to determine and resolve the distribution of any previously undisclosed assets." Therefore, even if defendant was negligent and Shawn successfully hid assets, plaintiff has failed to establish that that negligence caused any injury. Put another way, because the provision enables plaintiff to reopen the divorce case and pursue the division of any hidden assets, plaintiff has not "lost" her claim, which is necessary to prove that, "absent the act or omission complained of, the claim lost would have been recovered." *Coleman*, 443 Mich at 64. That provision, in and of itself, is fatal to plaintiff's legal-malpractice claim.

Finally, plaintiff insists that the trial court erred by failing to address her arguments about defendant's purported conflict of interest or breach of fiduciary duty. A review of plaintiff's first amended complaint shows that plaintiff's single claim did not include any allegations of a conflict of interest or a breach of fiduciary duty. Moreover, the trial court's opinion and order awarding

defendant summary disposition explained why the purported conflict of interest was not relevant. Therefore, the trial court did not err by resolving plaintiff's claim without addressing the merits of the purported conflict of interest or breach of fiduciary duty when that claim did not include any allegations of a conflict of interest or a breach of fiduciary duty.[4]

## B.  MOTION FOR RECONSIDERATION

Plaintiff asserts that the trial court erred by denying her motion for reconsideration of the trial court's order granting defendant summary disposition under MCR 2.116(C)(10). She insists that the motion for reconsideration was based upon new evidence and the trial court made palpable errors in its summary disposition analysis. A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Sherry v East Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859 (2011). An abuse of discretion occurs if "the decision results in an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted).

"Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3). "The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." *Id*.

Here, the trial court denied plaintiff's request for reconsideration, finding that the motion "merely presents the same issues ruled upon by the Court either expressly or by implication," that plaintiff had failed to demonstrate a palpable error by which the trial court and the parties had been misled, and that plaintiff had failed to establish that a different disposition of the underlying motion would result from correction of that error. In moving for reconsideration, plaintiff raised several challenges to the trial court's award of summary disposition to defendant, many of which she also presented in this appeal. As discussed in the previous section, the trial court did not err by granting defendant summary disposition because there was no genuine issue of material fact on the element of proximate cause, and defendant was entitled to judgment as a matter of law. Thus, plaintiff's motion for reconsideration failed to demonstrate a palpable error by which the court and the parties were misled, MCR 2.119(F)(3), and the trial court did not abuse its discretion when it denied the motion for reconsideration.

## C.  MOTION TO AMEND THE COMPLAINT

Plaintiff insists that the trial court erred by denying her request to amend her complaint in the wake of the summary disposition ruling. Resolution of a motion to amend a pleading is "within the sound discretion of the trial court and reversal is only appropriate when the trial court abuses that discretion." *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). Such an "abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Sherry*, 292 Mich App at 31 (quotation marks and citation omitted).

---

[4] We need not address plaintiff's other challenges to the trial court's award of summary disposition because the outcome of those challenges would not alter this conclusion.

-6-

If a plaintiff does not submit a written proposed amendment, the trial court does not abuse its discretion when it denies a request for leave to amend. *Lown v JJ Eaton Place*, 235 Mich App 721, 726; 598 NW2d 633 (1999). If "a plaintiff does not present its proposed amended complaint to the court, there is no way to determine whether an amendment is justified." *Anton, Sowerby & Assoc, Inc v Mr. C's Lake Orion, LLC*, 309 Mich App 535, 551; 872 NW2d 699 (2015).

Here, plaintiff, acting *in propria persona*, initially filed the complaint that merely asserted that defendant "barely did any discovery on my ex-husband" and that defendant "didn't do her job and was extremely negligent." Later, while represented by an attorney, plaintiff filed an amended complaint that set forth a claim of professional negligence. After that attorney withdrew from the case, plaintiff made two attempts to file another amended complaint on her own.

The trial court addressed the first request at a hearing on December 7, 2023. At the hearing, plaintiff acknowledged that she had not attached a proposed amended complaint to her motion, and the trial court noted that it was unclear how plaintiff wanted to amend her complaint. But the trial court promised to review the filings and issue an order on the request for leave to amend. The trial court issued several orders soon after that hearing, but none appears to reference that motion. A few months later, on February 26, 2024, plaintiff again moved for leave to file a second amended complaint. The trial court issued an order denying the request because plaintiff had failed to submit any written proposed amendments.

Because plaintiff did not submit any written proposed amendments, the trial court did not abuse its discretion by denying plaintiff's motion for leave to amend. See *Lown*, 235 Mich App at 726. In this appeal, plaintiff ignores that reason for the denial of her request, and instead asserts that the trial court denied her request because the new evidence did not justify amendment and the initial complaint was sufficient. This allegation is belied by the trial court's order, which explicitly stated that the request to amend was denied because "[p]laintiff failed to include a proposed second amended complaint with the motion." Hence, the trial court did not abuse its discretion when it denied plaintiff's request to amend her complaint.

## D. MOTIONS TO COMPEL

Finally, plaintiff faults the trial court for denying her motion to compel discovery and her motion to compel responses to subpoenas.[5] We "review[ ] for an abuse of discretion a trial court's decision on a motion to compel discovery." *In re Estate of Seybert*, 340 Mich App 207, 210; 985 NW2d 874 (2022). "Issues of statutory interpretation are reviewed de novo, as are issues involving the interpretation of the court rules." *Id*. at 210-211 (citations omitted).

On April 12, 2024, plaintiff filed a "Motion to Compel Discovery" requesting that the trial court compel defendant to comply with plaintiff's discovery requests regarding conflicts of interest and insurance coverage. The trial court denied the motion in an order issued April 23, 2024. On

---

[5] Plaintiff further contends that the trial court erred when it denied her filing titled "Motion Against Defendant's Renewed Summary Disposition." That filing is not a motion, but is actually plaintiff's opposition to defendant's renewed motion for summary disposition. We have already explained why the trial court was correct in awarding summary disposition to defendant.

appeal, plaintiff asserts that the trial court denied her motion because it decided that "the requested discovery was not necessary." That is incorrect. Regarding the discovery of insurance documents, the trial court found that defendant had already provided all documents she possessed on that issue. Thus, contrary to plaintiff's allegation, the trial court did not conclude that that discovery "was not necessary." In her argument to this Court, plaintiff does not address the trial court's determination that the request "was not necessary," so she has failed to demonstrate that the trial court abused its discretion by denying her request.

Regarding plaintiff's discovery request about a conflict of interest, the trial court explained that that request was "not relevant to the claims in this matter and the requested discovery is not proportional to the needs of the case." Indeed, plaintiff's complaint made no mention of a conflict of interest, so the trial court did not abuse its discretion when it denied plaintiff's motion to compel discovery about a conflict of interest when plaintiff had no pending claim raising that issue.

In a separate motion, plaintiff moved to compel responses to subpoenas that she had issued to numerous individuals and entities. The trial court denied plaintiff's motion because that motion did not include the proof of service of the subpoenas as required by MCR 2.305(A). Plaintiff then filed an amended motion and a supplemental motion. The trial court denied the amended motion and the supplemental motion, citing a failure to provide a copy of the proofs of service as the basis for that denial. Two days later, plaintiff filed a "renewed motion," asking the court to reconsider its denial of her prior motions because her inability to provide proofs of service of the subpoenas was due to the limited-scope attorney's failure to furnish those documents to plaintiff. The trial court did not address that motion for reconsideration.

On appeal, plaintiff contends that the trial court denied the motion because "the requested discovery was not necessary," but that is not why the trial court denied the motions. Plaintiff does not assert that the trial court erred when it decided that plaintiff had failed to attach a copy of the proofs of service to her motion, and she ignores the fact that the trial court denied the motions on that basis. Thus, plaintiff has not established that the trial court abused its discretion when it denied the motions to compel related to plaintiff's subpoenas.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher P. Yates
/s/ Philip P. Mariani