*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFF TRECHA, as Next Friend of BRADLEY
TRECHA,

UNPUBLISHED
March 5, 2020

Plaintiff-Appellant,

v

No. 347695
Genesee Circuit Court
LC No. 17-109425-NI

BRENDEN REMILLARD,

Defendant-Appellee.

Before: BORRELLO, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

In this recreational negligence action, plaintiff, as next friend of Bradley Trecha (Bradley), appeals as of right the trial court's order granting defendant's motion for summary disposition. We affirm.

## I. BACKGROUND

Bradley and defendant were both on the same high-school tennis team. The team's tennis area consisted of several tennis courts, bounded by a large fence. Practice was held on September 9, 2016, and, near its end, the team's coach instructed the team to pick up tennis balls from the ground and place them in a crate. About this time, defendant was finishing a practice match. He lost the match and, out of frustration, pulled a tennis ball out of his pocket and hit it behind him toward the fence, using an underhand motion to do so. Defendant did not look before hitting the tennis ball. Bradley was standing near the fence—approximately ten to fifteen feet from defendant—and was hit in the eye by the tennis ball defendant hit. Defendant stated that he would not have hit the ball had he known that Bradley was standing so near and indicated that he apologized to Bradley and got him an ice pack after he realized Bradley had been injured. The parties dispute whether practice was "over" at the time Bradley hit the ball—in any event, the team's coach punished the team for the incident by requiring them to run sprints before dismissing them.

Bradley suffered severe injuries to his eye as a result of the incident. Plaintiff initiated this action alleging that defendant's actions were either negligent or grossly negligent. Defendant

-1-

eventually moved for summary disposition, arguing that the applicable standard was recklessness—not negligence—because the parties were coparticipants in a recreational activity and that defendant's conduct did not rise to the level of recklessness. Plaintiff opposed the motion, arguing that ordinary negligence was the applicable standard because practice had ended by the time of the injury and Bradley was not a coparticipant in the tennis match. The trial court granted defendant's motion under MCR 2.116(C)(10), concluding that Bradley and defendant were coparticipants because they were on the same tennis team and they were both present during tennis practice; that plaintiff's injuries were foreseeable; and that defendant's actions were not reckless. This appeal followed.

## II. ANALYSIS

"We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 293-294; 926 NW2d 259 (2018). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is appropriately granted when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 294.

To establish a prima facie case of ordinary negligence, a plaintiff must generally establish three things: (1) the defendant owed a duty to the plaintiff (or in this case, plaintiff's charge), (2) the defendant breached that duty, (3) the plaintiff (again, his charge) suffered damages, and (4) the damages were caused by the defendant's breach of duty. *Finazzo v Fire Equip Co*, 323 Mich App 620, 635; 918 NW2d 200 (2018). Under ordinary-negligence principles, the defendant's duty is generally the societal duty to exercise ordinary care under the circumstances so as to avoid injury to others. See *Sherry v East Suburban Football League*, 292 Mich App 23, 29-30; 807 NW2d 859 (2011).

Our Supreme Court has recognized, however, that ordinary-negligence principles break down in the context of recreational activities. "When people engage in a recreational activity, they have voluntarily subjected themselves to certain risks inherent in that activity." *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 87; 597 NW2d 517 (1999). "When one of those risks results in injury, the participant has no ground for complaint." *Id*. Therefore, respecting that recreational activities generally suspend the civil rules of common life, our Supreme Court—consistent with the majority of similar jurisdictions—has adopted a standard requiring coparticipants in recreational activities to refrain from reckless misconduct. *Id*. at 89. The reckless-misconduct standard, however, "only applies to injuries that arise from risks inherent to the activity." *Bertin v Mann*, 502 Mich 603, 609; 918 NW2d 707 (2018). "In this context, the assessment of whether a risk is inherent to an activity depends on whether a reasonable person under the circumstances would have foreseen the particular risk that led to injury." *Id*. at 619.

We agree with the trial court that reckless-misconduct is the appropriate standard to judge plaintiff's claim. Plaintiff argues that defendant and Bradley were not coparticipants in a recreational activity—and therefore that the standard could not be recklessness—because practice was over at the time of the injury. As we must when reviewing a trial court's grant of summary disposition, we credit plaintiff's assertion that practice had ended by the time of the injury. Nevertheless, we cannot conclude that a coach's conclusion of "practice" defines the scope of the recreational activity. This jurisdiction has consistently rejected attempts to judicially police the

boundaries of recreational activities. See *id*. Rather, this jurisdiction defines the recreational activity by the risks that are reasonably foreseeable in undertaking it. *Id*. In this context, the "risk must be defined by the factual circumstances of the case—it is not enough that the participate could foresee being injured in general; the participant must have been able to foresee that the injury could arise through the 'mechanism' it resulted from." *Id*. at 620.

Plaintiff does not argue that being hit with a tennis ball is not a reasonably foreseeable risk of playing tennis. Plaintiff argues, rather, that this risk was not foreseeable at the time Bradley was injured, i.e., after practice. We disagree. First, we note, as the trial court did, that Bradley was injured in the fenced tennis court area. The very nature of tennis is that tennis balls, for better or worse, will leave the actual bounds of the court, such that a person standing near, but not on, the court risks being hit from a ball. This risk comes not only from tennis balls being hit to score points, but also tennis balls hit as practice or, in this case, out of frustration—especially when the sport is being undertaken competitively by high-school students. See *id*. at 621 (noting that the factual circumstances that define the risk "include the general characteristics of the participants, such as their relationship to each other and to the activity"). Moreover, in a team practice with multiple participants playing in close proximity, it is reasonable to foresee that participants will cease hitting tennis balls at different times, even when the coach says that practice is over. Indeed, the record in this case shows that defendant hit the ball in question immediately after his match ended. The team's coach testified that he had to repeatedly remind players not to hit balls into the fence, indicating, as the trial court found, that the practice was fairly common. Under these circumstances, we must conclude that a reasonable participant could have foreseen being hit with a tennis ball while in the bounded tennis area near the fence, about the time that other participants were concluding matches, despite the fact that practice may have ended. Accordingly, we agree with the trial court that the reckless-misconduct standard applied to plaintiff's claim.

We also agree with the trial court that no question of fact exists whether defendant acted recklessly in hitting the tennis ball.

> One who is properly charged with recklessness or wantonness is not simply more careless than one who is only guilty of negligence. His conduct must be such as to put him in the class with the wilful doer of wrong. The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer is that, instead of affirmatively wishing to injure another, he is merely willing to do so. The difference is that between him who casts a missile intending that it shall strike another and him who casts it where he has reason to believe it will strike another, being indifferent whether it does so or not. [*Behar v Fox*, 249 Mich App 314, 319; 642 NW2d 426 (2001) (internal citation omitted).]

The record evidence in this case shows that defendant, out of frustration for losing the match, hit a ball underhand at the fence without looking to see who was there. Although defendant's actions were certainly ill-advised, we cannot conclude that this conduct amounts to a willful indifference to harm. The action happened at the immediate conclusion of a match and seemingly without any thought. Defendant testified that he did not know that Bradley was standing in the path of the tennis ball and that, had he known differently, he would not have hit the ball in that direction. Indeed, defendant apologized to Bradley after the injury and grabbed an ice pack for him. Defendant's behavior certainly appears to be careless, but it is not the type of behavior that

indicates the indifference to harm necessary to show reckless misconduct. Accordingly, we conclude that the trial court properly granted defendant's motion for summary disposition.

Affirmed.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Michael J. Riordan