*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATHAN CAMPAU, by Next Friend MICHAEL
CAMPAU,

        Plaintiff-Appellant,

v

TIMOTHY RENAUD, HEATHER RENAUD, and
TIMOTHY RENAUD,

        Defendants-Appellees.

UNPUBLISHED
August 6, 2020

No. 347622
Oakland Circuit Court
LC No. 2018-163388-NO

Before: RIORDAN, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff, Nathan Campau, by next friend Michael Campau, appeals as of right an order granting summary disposition in favor of defendants, Timothy Renaud (father), Heather Renaud, and Timothy (TJ) Renaud (son). We affirm.

## I. BACKGROUND

This case arises out of a youth soccer game. Plaintiff, then 12 years old, playing goalie "collided knee to knee" with TJ, then 13 years old, who was playing as a forward for the opposing team. As a result of the impact, an ambulance was called and plaintiff was taken off the field. All of the witnesses, including the referees, agreed TJ and plaintiff went for the ball at the same time and collided in the air. The referee officiating the game testified in a deposition that under the rules of the game no foul had occurred because of the collision, and TJ was not penalized with a "red card" or "yellow card."

Only plaintiff's father, Michael Campau, disagreed with that version of events. Campau testified in a deposition that TJ's teammate kicked the ball toward plaintiff's goal, plaintiff jumped about a foot into the air, caught the ball, and landed. Once plaintiff landed, Campau testified, TJ ran into plaintiff's right side and injured his leg. Campau also believed there was a one or two second delay between when plaintiff caught the ball and when TJ ran into him.

-1-

Plaintiff's soccer coach testified that he had seen plays similar to the one at hand occur in other soccer games, that players collided with goalies in other soccer games, and that a collision with a player is a risk inherent in playing the position of goalie. The director of coaching for plaintiff's soccer club testified that a scenario wherein a player is going for the ball, the goalie catches it, and the other player is unable to stop is a hazard that comes with the territory of playing soccer.

Plaintiff filed a complaint against defendants alleging negligence, and defendants then filed a motion for summary disposition. The trial court granted the motion, reasoning that the standard for recklessness required a "willfulness, like it's a specific intent," and that TJ did not appear to have the intent to collide with plaintiff. The court held that TJ's conduct did not meet the requisite standard of recklessness. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on summary disposition motions. *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion brought under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation and quotation marks omitted). In making a decision on a motion for summary disposition under MCR 2.116(C)(10), the trial court considers "the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . ." *Bennett*, 322 Mich App at 642 (citation and quotation marks omitted). When reviewing a motion under MCR 2.116(C)(10), we consider "[t]he relative strength of the evidence offered by plaintiff and defendants . . . ." *El-Khalil*, 504 Mich at 162.

The party bringing the motion for summary disposition has the initial burden of supporting its motion with affidavits, depositions, admissions or other documentary evidence. *Sprague v Farmers Ins Exch*, 251 Mich App 260, 264; 650 NW2d 374 (2002). The burden then shifts to the party opposing the motion, who must then establish that a genuine issue of material fact exists, and the opposing party must go beyond mere allegations or denials of the pleadings, and establish specific facts demonstrating a triable issue of fact. *Id*. "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*.

## III. APPLICABLE LAW

Plaintiff argues that there exists a genuine issue of material fact regarding whether TJ's conduct was reckless misconduct. We disagree.

Generally, to prove a claim of negligence, a plaintiff must establish (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the cause of the plaintiff's injury, and (4) the plaintiff suffered damages. *Composto v Albrecht*, __ Mich App __, __; __ NW2d __ (2019) (Docket No. 340485); slip op at 1. However, "when people engage in a recreational activity, they have voluntarily subjected themselves to certain risks inherent in that

activity." *Ritchie-Gamester v Berkley*, 461 Mich 73, 87; 597 NW2d 517 (1999). Thus, reckless misconduct is the standard of care for coparticipants in a recreational activity. *Id.* at 89.

A defendant's violation of an athletic competition rule does not necessarily establish reckless misconduct; rather, the recklessness standard requires that the defendant's action demonstrate a willingness or indifference to the injury of the coparticipant. *Id*. at 91-93; *Behar v Fox*, 249 Mich App 314, 319, 321; 642 NW2d 426 (2001). Conduct within the range of ordinary activity involved in the sport is not reckless. *Ritchie-Gamester*, 461 Mich at 90 n 10. A participant accepts the risk of injury from dangers that are "inherent in the activity," and are "obvious and necessary," and players expect that "no liability will arise unless a participant's actions exceed the normal bounds of conduct associated with the activity." *Id*. at 87, 94. "[T]he risk of injury from a collision or kick is present whenever an individual plays soccer." *Behar*, 249 Mich App at 318.

Here, the risk of collision was an inherent, foreseeable risk of the game of soccer, and plaintiff consented to that risk. Plaintiff's soccer coach and director of coaching testified that collisions are common in soccer, and that this type of collision in particular, between an attacking player and a goalie, also is common. Plaintiff's soccer coach testified that he witnessed similar collisions between players and goalies in other soccer games, and that a collision with a player is a risk inherent in playing the goalie position. Determining whether a risk is inherent in an activity is "objective and focuses on what risks a reasonable participant, under the circumstances, would have foreseen." *Bertin v Mann*, 502 Mich 603, 620; 918 NW2d 707 (2018).

Campau's conflicting account of the collision does not create a genuine issue of material fact. Accepting plaintiff's version of the events as true, that TJ collided with plaintiff one to two seconds after plaintiff landed, this evidence still does not support a finding that TJ was "willing" to injure plaintiff. *Id*. The referee testified that, in his experience, sometimes a player will collide with a goalie after the goalie has caught the ball; if the collision is approximately one second from the goalie's catch and they make some contact, the player will get a yellow card. During this game, the referee did not issue a yellow card, and upon reviewing his written notes from the game, he stated, "since there were no cards I must have felt that it was just an unfortunate collision between the two and there was no need to give a card." The factual circumstances of this case do not amount to recklessness by TJ. Rather, at most, TJ's conduct could be considered to be a technical foul or rule violation.[1] *Id*.; *Behar*, 249 Mich App at 321.

The only evidence of recklessness that plaintiff submitted to the trial court was his father's deposition testimony:

---

[1] The issuance of a technical foul or rule violation does not necessarily imply reckless conduct. Our Supreme Court has stated that it does not believe that "a player expects an injury, even if it results from a rule violation, to give rise to liability. Instead, . . . players participate with the expectation that no liability will arise unless a participant's actions exceed the normal bounds of conduct associated with the activity." *Ritchie-Gamester*, 461 Mich at 94. Thus, in cases such as this one, where no technical foul or rule violation issued, we see even less reason to infer TJ's conduct meets the requisite standard of recklessness.

*Q.* And so do you believe the play was malicious by the other player?

*A.* I believe it was reckless.

*Q.* You think it was reckless? How so?

*A.* The fact that he had possession of the ball, his location on the field as a goalkeeper. You know, I've been playing soccer for over 40 years and I feel like when a keeper has the ball or possession of the ball, you're supposed to know -- be aware of where he's at. So I feel that he ran in recklessly.

*Q.* So would you say that it was outside of a normal soccer play?

*A.* Yes.

*Q.* Because when the keeper has the ball, you're supposed to be aware of where he's at?

*A.* Correct.

*Q.* Have you ever in your years of playing soccer seen another player collide with a goalie when they had the ball?

*A.* I have.

*Q.* And in those instances, have you seen penalties given?

*A.* Yes.

*Q.* And would it be like a yellow card or red card or both, just a foul, what have you seen issued?

*A.* Unfortunately, recently it's just been a foul. In the years past, they changed the rules where it would have been a card.

We find this to be insufficient to create a factual question as to TJ's recklessness. It is clear from the testimony that plaintiff's father's subjective assessment of the events amounts to a potential soccer rule violation. His assessment has no relevance to an objective analysis of reckless conduct required by the legal standard set forth in *Ritchie-Gamester*. As such, the evidence presented in this case does not suggest factual questions for a jury upon which reasonable minds might differ. *El-Khalil*, 504 Mich at 160; *Maiden v Rozwood*, 461 Mich. 109, 123; 597 NW2d 817 (1999) (in considering whether there exists a genuine issue of material fact, the court may consider evidence that is substantively admissible, although it does not have to be in admissible form).

## IV. CONCLUSION

The trial court did not commit error requiring reversal when it granted summary disposition in favor of defendants. The evidence, viewed in the light most favorable to plaintiff, did not

demonstrate that TJ's conduct amounted to recklessness.  Accordingly, we affirm.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause