*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DREMA KALAJIAN,

Plaintiff-Appellant,

v

MICHAEL PANOFF,

Defendant-Appellee.

UNPUBLISHED
January 12, 2023

No. 360082
Wayne Circuit Court
LC No. 20-014816-NO

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

In this tort action, plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND

This case arises from a bicycle collision between plaintiff and defendant in which plaintiff was injured. During the COVID-19 pandemic, the parties began biking together for exercise. On the day of the incident, plaintiff met defendant at defendant's house, and they discussed the route they would ride together. Plaintiff was an avid bicyclist and had participated in several biking clubs in her life. Defendant was familiar with bicycling and had ridden bicycles since he was a child; however, defendant was less experienced at bicycling than plaintiff, and he said that he had never been taught any biking etiquette rules about signaling for turns before the incident occurred. From this point on, the parties' accounts of the incident were not consistent. However, this case is the result of a grant of summary disposition for defendant pursuant to MCR 2.116(C)(10), and therefore we must view the facts in the light most favorable to plaintiff.

Plaintiff testified that defendant told her that he would lead down Muir Street and then make a right turn onto Mack Avenue. During the bike ride, plaintiff was riding behind defendant and to defendant's right side. Plaintiff testified that she was approximately 6 to 10 feet behind defendant when he made an abrupt right turn onto Ridge Road, causing plaintiff to collide with defendant as he turned in front of her. Plaintiff testified that defendant turned without signaling, either verbally or with a hand signal, and he did not look to see where plaintiff was located when

he turned into her lane of travel. Plaintiff stated that, although she was paying attention to where defendant was riding and applied her brakes when defendant turned, she could not stop herself in time to avoid the collision. Plaintiff collided with defendant's rear tire, fell from her bicycle, and suffered injuries to her leg and knee.

Plaintiff also testified that she was aware that, when riding with other bicyclists, if the leader does not signal a turn, then "you're going to have multiple bikes going down." Additionally, plaintiff stated that she stays alert while bicycling with others because "[w]hen someone turns in front of you without a signal and without a warning, [a collision is] going to happen." Plaintiff also stated that she was aware that defendant was not as experienced of a bicyclist as herself, and that she did not discuss with defendant what she expected from defendant as a lead rider.

Plaintiff filed a complaint alleging that defendant was liable for her injuries under an ordinary negligence standard of care. In support of her negligence claim, plaintiff alleged that defendant violated MCL 257.648(1), (2), and (4) of the Michigan Vehicle Code, MCL 257.1 *et seq*. Defendant eventually moved for summary disposition, arguing that he did not owe plaintiff a duty under ordinary negligence. Defendant argued that a reckless-misconduct standard of care applied as the parties were coparticipants in a recreational activity, colliding into another bicyclist was an inherent risk of bike riding, and there was no genuine issue of material fact that defendant's conduct was not reckless. Plaintiff's response to defendant's motion argued that (1) the parties were not engaged in a "recreational activity" because they were "simply . . . two people riding their bikes down the street," and as such, this case is governed by the Michigan Vehicle Code, (2) even if the parties were engaged in a "recreational activity," the risk of one bicyclist colliding with another is not an inherent risk to riding a bike, and (3) even if colliding with another bicyclist is an inherent risk to riding a bike, there is a question of fact whether defendant's conduct was reckless. In his reply to plaintiff's response, defendant maintained that bicycling is a recreational activity regardless of where the activity occurs, and that plaintiff failed to establish that defendant's conduct was reckless.

At the summary disposition hearing, both plaintiff and defendant argued consistently with their written submissions. The trial court granted defendant's motion for summary disposition. In its ruling, the trial court held that the reckless-misconduct standard of care applied because the parties were engaged in a recreational activity and colliding with another bicyclist was "very much [a] reasonably foreseeable" risk. The court reasoned that plaintiff admitted in her deposition testimony that "this is a risk, that she was riding with an inexperienced rider," and the court opined that, regardless, "anybody from riding a bike from childhood to adulthood can reasonably anticipate running into another bike rider's bike[.]"

## II. STANDARD OF REVIEW

We "review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When considering a motion under MCR 2.116(C)(10), "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. at 160. Only when there is no genuine issue of material fact may the motion be granted. See *id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). Additionally, the "general standard of care is

a question of law for the courts, and thus subject to review de novo." *Sherry v East Suburban Football League*, 292 Mich App 23, 27; 807 NW2d 859 (2011).

### III. APPLICABLE STANDARD OF CARE

Plaintiff argues that the trial court erred by applying the reckless-misconduct standard of care instead of the ordinary negligence standard. We disagree.

Although negligence is the ordinary standard of care in most tort cases, when the parties are coparticipants in a recreational activity, the applicable standard is the heightened standard of reckless misconduct. See *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 89; 597 NW2d 517 (1999). "But this standard only applies to injuries that arise from risks inherent to the activity." *Bertin v Mann*, 502 Mich 603, 609; 918 NW2d 707 (2018). Inherent risks of an activity are defined by what is reasonably foreseeable under the circumstances. See *id*. at 613. "Whether a risk was foreseeable is a question of fact; we resolve the question using an objective test, focusing on what risks a reasonable participant would have foreseen under the circumstances." *Composto v Albrecht*, 328 Mich App 496, 503; 938 NW2d 755 (2019). See also *Bertin*, 502 Mich at 620.

Plaintiff first contests the trial court's conclusion that riding bicycles is a recreational activity. Plaintiff reiterates the argument she made in the trial court—that "we simply have two people riding their bikes down a public street," that two persons in such a situation would generally be subject to an ordinary standard of care and thus subject to the Michigan Vehicle Code, and that whether the parties in this case were riding their bikes on the street for exercise or transportation should not change the duty owed to one another. There are several problems with this argument. First, our caselaw is unanimous that the pertinent question concerns whether the parties were engaged in a recreational activity, not *where* they were engaged in that recreational activity. This flows into the second, related problem. *Ritchie-Gamester* held that "coparticipants in a recreational activity owe *each other* a duty not to act recklessly." *Ritchie-Gamester*, 461 Mich at 95 (emphasis added.) This follows the general rule that the existence of duty is based on the parties' relationship to one another. See *Clark v Dalman*, 379 Mich 251, 260-261; 150 NW2d 755 (1967). While *where* an injury occurs may be relevant in making this determination in some instances,[1] it has never been held to be determinative as plaintiff suggests. Regardless, there is no question that where the injury occurred is not relevant in this case—the parties were indisputably engaged in a recreational activity (biking for exercise) together.

Plaintiff insists that even if they were engaged in a recreational activity, colliding with another bicyclist is not an inherent risk—meaning it is not reasonably foreseeable—when riding a bicycle. Relevant factors in determining whether a risk is reasonably foreseeable include the participants' "relationship to each other and to the activity and their experience with the sport." *Bertin*, 502 Mich at 621.

---

[1] For instance, in *Composto,* this Court emphasized that the parties "were engaged in using a shared, multiuse trail, and thus were 'coparticipants' in the activity of using the trail." *Composto*, 328 Mich App at 501-502.

We conclude that there is no genuine issue of material fact regarding whether the risk of plaintiff and defendant colliding with each other while bike riding together was reasonably foreseeable. Plaintiff and defendant voluntarily rode their bicycles together for exercise. Plaintiff is a seasoned bicyclist who has biked her whole life and participated in multiple biking clubs. Plaintiff and defendant had biked together before, and plaintiff was aware that defendant was not as experienced at bicycling as plaintiff. Plaintiff also acknowledged that she was aware of the risk of collisions when riding with other bicyclists. From this evidence, particularly that plaintiff is a seasoned bicyclist and was aware that defendant was not as experienced, we conclude that plaintiff knew or should have known about the risk of colliding with defendant when riding together. Moreover, we agree with the trial court's general acknowledgment that "anybody from riding a bike from childhood to adulthood can reasonably anticipate running into another bike rider's bike, is an ordinary risk. It's reasonably foreseeable." Accordingly, the trial court did not err by applying the reckless-misconduct standard of care because bike riding is a recreational activity and a collision between two bike riders is an inherent risk of the activity.

## IV. RECKLESS MISCONDUCT

Plaintiff argues that even if the reckless-misconduct standard applies, there is a genuine issue of material fact whether defendant's conduct was reckless. We disagree.

As this Court explained in *Behar v Fox*, 249 Mich App 314, 319; 642 NW2d 426 (2002), in the context of participants in a recreational activity:

> One who is properly charged with recklessness or wantonness is not simply more careless than one who is only guilty of negligence. His conduct must be such as to put him in the class with the wilful doer of wrong. The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer is that, instead of affirmatively wishing to injure another, he is merely willing to do so. The difference is that between him who casts a missile intending that it shall strike another and him who casts it where he has reason to believe it will strike another, being indifferent whether it does so or not. [Quotation marks and citation omitted.]

Plaintiff argues that defendant was reckless because he never looked behind him before turning and never gave any warning that he was going to turn. Viewing the facts in a light most favorable to plaintiff, we conclude that there is no genuine issue of material fact that defendant's conduct was not reckless. Defendant's failure to look behind him and to use a hand signal or give a verbal warning before turning did not rise to the level of reckless misconduct in this case. Plaintiff did not present evidence that defendant willfully intended to injure plaintiff or was indifferent to injuring plaintiff by failing to look behind him and turning in front of her without signaling. In *Ritchie-Gamester*, 461 Mich at 89-90, the Court concluded that an individual skating backwards without looking where she was skating was not enough to establish reckless misconduct. Similarly, we conclude that defendant's failure to look behind him and signal before he turned amounted to mere carelessness. We agree with the trial court's conclusion that, even drawing all inferences in favor of plaintiff, defendant's conduct did not rise to the level of reckless misconduct. Therefore, there is no question of fact that defendant's conduct was not reckless.

Plaintiff also argues that defendant violated various provisions of the Michigan Vehicle Code and that these violations support a conclusion that there is a question of fact regarding whether defendant's conduct was reckless. "[W]hen a statute imposes a legal duty, violation of that statute creates a 'rebuttable presumption of negligence.' " *Randall v Mich High Sch Athletic Ass'n*, 334 Mich App 697, 721; 965 NW2d 690 (2020). Violations of the Michigan Vehicle Code may create rebuttable inferences of negligence, but the applicable standard in this case is that of reckless misconduct. Under *Behar*, 249 Mich App at 319, evidence of negligence is not enough to establish reckless misconduct. Plaintiff must instead provide evidence that defendant was willing to injure plaintiff or was indifferent towards injuring her. *Id*. Thus, even if defendant violated the Michigan Vehicle Code, evidence of a violation, without more, is insufficient to support a finding that defendant acted with reckless misconduct. Therefore, we conclude that plaintiff failed to establish a genuine issue of material fact regarding whether defendant's conduct was reckless and the trial court properly granted summary disposition in favor of defendant.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick