*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MERRITT ARCHER III,

        Plaintiff-Appellee,

v

JONAH BUNCE,

        Defendant-Appellant.

UNPUBLISHED
June 22, 2023

No. 359693
Muskegon Circuit Court
LC No. 20-003478-NI

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Defendant, Jonah Bunce, appeals as on leave granted[1] the trial court's order denying his motion for summary disposition under MCR 2.116(C)(10) in favor of plaintiff, Merritt Archer, III. We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2019 plaintiff was severely injured while playing in a high-school lacrosse game. Plaintiff was attempting to prevent a shot on goal, when defendant launched a ball from his lacrosse stick, striking plaintiff in the side of his face with the ball. Game officials did not penalize defendant for taking this shot.

Plaintiff later filed suit, alleging in part reckless conduct against defendant. Defendant moved for summary disposition, contending there was no genuine dispute of fact that his actions did not rise to the level of reckless conduct. The trial court agreed that plaintiff's injury was inherent to the game of lacrosse, and was therefore reasonably foreseeable. However, it denied the motion for summary disposition because there was a genuine question of fact whether defendant's actions amounted to reckless conduct. This appeal followed.

---

[1] *Archer v Bunce*, 980 NW2d 712 (Mich, 2022).

## II. STANDARD OF REVIEW

We review de novo motions for summary disposition under MCR 2.116(C)(10). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The purpose of a (C)(10) motion for summary disposition is to test the factual sufficiency of a complaint. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition under this subsection is proper where the proffered evidence fails to establish a genuine question of fact. *Maiden*, 461 Mich at 120. Our review of such a motion considers "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. (citation omitted). Under the burden-shifting framework of this rule:

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

## III. LAW AND ANALYSIS

Participants in recreational sports accept the risks "inherent in that activity." *Ritchie-Gamester v Berkley*, 461 Mich 73, 87; 597 NW2d 517 (1999). "[P]layers participate with the expectation that no liability will arise unless a participant's actions exceed the normal bounds of conduct associated with the activity." *Id*. at 94. As such, participants in recreational activities may recover in tort for injuries sustained from a coparticipant's reckless misconduct. *Id*. at 94-95. A rule violation is not by itself sufficient to show reckless conduct. *Id*. at 91-94; *Behar v Fox*, 249 Mich App 314, 319; 642 NW2d 426 (2001). Rather, reckless conduct places the actor in a "class with the wilful doer of wrong." *Behar*, 249 Mich App at 319 (quotation marks and citation omitted).

> The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer is that, instead of affirmatively wishing to injure another, he is merely willing to do so. The difference is that between him who casts a missile intending that it shall strike another and him who casts it where he has reason to believe it will strike another, being indifferent whether it does so or not. [*Id*. (quotation marks and citations omitted.]

The question here is whether there was evidence of reckless conduct sufficient to create a genuine question of fact. In his motion for summary disposition, defendant presented evidence establishing that his shot on goal was not reckless. This included testimony from the coaches who observed the play at issue and from lacrosse officials who reviewed the video of the play. Each of

these witnesses opined that there was nothing improper about defendant's shot on goal that led to plaintiff's injury.

Defendant also submitted video evidence depicting the play. The video footage shows defendant signaling that he was open to his teammate who was proceeding up the opposite side of the field. The teammate passes the ball to defendant, but the ball grounded. Defendant scoops up the ball and then takes a shot on goal. The video shows plaintiff defending near the goal at the time of the pass. As defendant scoops up the ball, plaintiff races toward defendant. Defendant was on the outside and wound up his shot, which a witness testified was normal conduct for an attacker on the outside. As defendant fires his shot, plaintiff stops directly in front of him and was struck in the face. The force of the impact broke plaintiff's jaw in several places.

The video evidence is not conclusive of certain facts. The videographer took the video from the stands. Both plaintiff and defendant appear at a distance and at varying angles from the videographer. Therefore, the video does not show defendant's point of view when he decided to shoot. It also does not establish whether defendant saw plaintiff's position on the field or, obviously, the intent of either player. But the video evidence does conclusively establish that defendant had already squared up with the goal and was winding up for his shot when plaintiff had begun to close him out. The video also established that the entire event lasted no more than two seconds.

Defendant also provided evidence that his shot on goal was within the bounds of a normal game of lacrosse. Left unrebutted, his evidence would demonstrate that his "actions did not rise to the level of reckless misconduct." See *Ritchie-Gamester*, 461 Mich at 90 n 10. Therefore, plaintiff had the burden to provide evidence that would permit a reasonable factfinder to conclude that defendant's conduct went beyond the ordinary conduct of the game, see *Quinto*, 451 Mich at 362-363; indeed, he had to present evidence that defendant went so far beyond the ordinary conduct that it amounted to a willingness to injure plaintiff. See *Behar*, 249 Mich App at 319.

Plaintiff instead relied in part on testimony that, generally speaking, players should not take shots that the player knows will hit another player and that all players should avoid actions that might lead to unnecessary injuries. That testimony did not establish that defendant's legal shot amounted to reckless conduct under the circumstances of the play at issue.

For example, Todd Kamstra, defendant's coach, testified that attackers sometimes attempt a shot even when there is a defender in the way in the hope that it can be directed around the defender. He stated that defendant was in a good position to make a shot on the goal and that shots under those circumstances were ordinary. Kamstra also opined that there was nothing about the play that demonstrated that an injury was bound to occur. Indeed, he related that that "ball could have easily whistled over a right shoulder or a left shoulder alongside the ear . . . ." In Kamstra's opinion plaintiff's injury was nothing more than a "tragic, tragic result of an everyday lacrosse play." Plaintiff's coach, Robert Walters, also agreed that an attacker might try and rip a shot by a defender as the defender closed out on the attacker. The two officials who officiated the match similarly stated that there was nothing improper about defendant's decision to attempt the shot on goal.

Plaintiff relied on his own testimony to suggest that defendant's shot was reckless. He testified that defendant had to have seen him coming, so, in plaintiff's view, defendant had an obligation not to take the shot. As already noted, the video evidence is not helpful to either party as to whether defendant had a sufficiently clear lane to the goal for his shot. Therefore, the video evidence does not conclusively debunk plaintiff's opinion testimony on this point. As such, drawing the inferences in favor of plaintiff, see *Maiden*, 461 Mich at 120, a reasonable jury could infer that defendant saw plaintiff and knew that plaintiff obstructed his path to the goal. But that inference does not permit a further inference that the shot would necessarily injure plaintiff such that it amounted to reckless misconduct.

The video evidence established that defendant committed to the shot at the same time that plaintiff decided to close the distance between the players. Given the undisputed safe distance between the two players initially, it cannot be said that it was inevitable that defendant's shot would strike plaintiff or that it was a particularly dangerous shot to take. There was also no evidence that defendant had a duty to attempt to check his shot after he was aware that plaintiff had run into the path of his shot. As plaintiff himself agreed, the rules did not prohibit such a shot, and plaintiff's opinion that it was not a smart shot did not make it a reckless one.

Plaintiff's father's testimony about the play also did not permit an inference of recklessness. Plaintiff's father opined that defendant's shot was forced and unnecessary, but there was testimony that attackers routinely try to force shots through to the goal in the same way. The fact that the shot had a low probability of scoring a goal with an onrushing defender obstructing the goal did not establish a genuine issue of material fact that defendant's decision to take the shot constituted reckless misconduct.

Even when considered in the light most favorable to plaintiff, the evidence established that—at worst—defendant's shot was negligent. Defendant made a split-second decision to attempt a shot on goal during a fast-paced, aggressive contact sport. It is simply not plausible to accept plaintiff's contention that no reasonable lacrosse player attempts a shot when there is a possibility that it will hit another player. The undisputed evidence was that players are permitted to make such shots, that players do so regularly, and that defensive players sometimes get hit as a result. Plaintiff failed to rebut defendant's evidence. On the evidence before the trial court on the motion for summary disposition, no reasonable jury could find that defendant's decision to take the shot exceeded the normal bounds of conduct associated with the game of lacrosse. See *Ritchie-Gamester*, 461 Mich at 90 n 10, 94. Consequently, the trial court should have granted defendant's motion for summary disposition.

Reversed and remanded for entry of an order granting defendant's motion under MCR 2.116(C)(10). We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola