*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WEST ST. JOSEPH PROPERTY, LLC,

        Petitioner-Appellant,

v

DELTA TOWNSHIP,

        Respondent-Appellee.

FOR PUBLICATION
August 26, 2021
9:05 a.m.

No. 354205
Tax Tribunal
LC No. 19-000837-TT

Before: RONAYNE KRAUSE, P.J., and BECKERING and BOONSTRA, JJ.

BOONSTRA, J.

Petitioner appeals by right the July 6, 2020 final order and judgment of the Michigan Tax Tribunal (the Tribunal) denying petitioner's motion for summary disposition and granting respondent's motion for summary disposition. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In October, 2019, the parties stipulated to the following undisputed facts underlying this case:

1. On December 31, 2018, the subject property (the "Property"), whose taxation is at issue in this case, had an address of 4125 W. St. Joseph, Delta Township, Eaton County, Michigan, Tax Parcel Number 23-040-061-500-520-00, and an office building with 33,000 usable square feet. The Property's 2019 state equalized value is $1,208,700—and its 2019 taxable value is $1,208,700.

2. The Property is the subject of an agreement (the "Agreement") between Petitioner West St. Joseph Property LLC and the State of Michigan (the "State"). Petitioner executed the Agreement on February 7, 2018, and the State executed the Agreement on March 7 and March 16, 2018. The Agreement is attached to the Stipulation as Exhibit A.

3. On September 25, 2018, Petitioner sought property tax exemption for the Property by filing an application (the "Application") with Respondent's

-1-

Assessor. The Application is attached hereto as Exhibit B. Included as part of the Application were a deed conveying legal title to Petitioner and the Agreement.

4. On or about November 14, 2018, representatives of Petitioner met with Respondent's representatives, including Respondent's Assessor, to discuss the Application.

5. On December 13, 2018, Petitioner received Respondent's notice that Respondent's Assessor had denied Petitioner's exemption request for the Property.

6. The parties agree that valuation of the Property is not at issue and the only issue in this case is whether the property at issue is exempt or taxable under the General Property Tax Act (the "Act"). The Tribunal should resolve this case by deciding whether on December 31, 2018, the Property was exempt.

7. Among Petitioner's contentions are that: (i) on December 31, 2018, the Property was "(p)ublic property belonging to the state," which would make the Property exempt under Act section 7l ("section 7l"), MCL 211.7l, and (ii) the Agreement constituted a transfer of ownership under MCL 211.27a(6)(g). Respondent contends that the Property is taxable because Petitioner, not the State, held legal title to the Property on December 31, 2018.

8. No specific Tribunal rule exists for summary disposition motions. Therefore, under Tribunal Rule 215, R 792.10215, MCR 2.116(C)(10) applies to this case.

The 2018 lease agreement (the lease) provides that the State of Michigan (the State), as lessee, would pay petitioner, as lessor, a total of $10,815,888 over 20 years from 2018 to 2038; then, in 2038, the State would have the option to purchase the property at issue (the property) for one dollar. Section 2.12 of the lease provides that "[t]he Lessor or Lessor's agent may enter the Leased premises with reasonable advance notice for the purpose of conducting repairs, preventive maintenance, or providing replacements, as requested under Article III." Sections 5.8 (regarding "Rent adjustment for real property taxes"), 5.9 (regarding "Real property tax exemptions"), and 5.10 (regarding "Real property tax assessment appeals") were marked "deleted, not applicable." Similarly, despite appearing in the lease's table of contents, sections 6.13 (regarding "Transfer of title free and clear") and 6.18 (regarding "Real Property Tax Adjustment") were omitted from the body of the lease. On petitioner's application for the property tax exemption, petitioner listed itself, not the State, as the property's owner. Sections 11.1 to 11.4 of the lease provided for terms under which either party could cancel the lease. Section 6.3 refers to "if" the State were to exercise its option to purchase, indicating that the State was not obligated to exercise that option.

On May 6, 2019, petitioner filed a petition with the Tribunal requesting that the Tribunal reduce the property's taxable value to zero. Petitioner argued that the lease constituted a transfer of ownership to the State under MCL 211.27a(6)(g), and that the property was therefore exempt from property taxes under MCL 211.7l. The parties stipulated to a proposed scheduling order requiring that dispositive motions, briefs in support, and other supporting materials be filed on or

before December 6, 2019, and that proposed findings of facts and conclusions of law be filed on or before December 20, 2019. The Tribunal entered an order stating in relevant part that the underlying issue in the case was a question of law, and directing the parties to file dispositive motions and briefs to resolve the issue, to be served on the other party by December 20, 2019. The order permitted each party to file and serve a response brief by January 13, 2020. It did not provide for the filing of reply briefs.

On December 19, 2019, the parties filed cross-motions for summary disposition under MCR 2.116(C)(10). Petitioner argued that the lease constituted a transfer of ownership under MCL 211.27a. It further argued that the State alone occupied and used the property, and that because the lease had a one-dollar purchase option, the property was public property belonging to the State and was exempt from taxation under MCL 211.7*l*. Petitioner accompanied its motion with the affidavit of Ronnie J. Boji, the owner of petitioner and the president of Boji Group, a real estate development and management company. Boji stated in his affidavit that petitioner had made substantial changes to the property to satisfy the State's needs, and that since August 8, 2018, the State alone had occupied the property and used it for state government purposes. Respondent argued that "transfer of ownership" was a term of art defined by MCL 211.27a that did not apply to leases or to the Section 7*l* property tax exemption. Respondent also argued that a lease did not change the ownership status of the property and that Section 27a was inapplicable to Section 7*l*.

The parties each filed a response to the other's motion on January 13, 2019. On January 22, 2020, petitioner filed a motion for leave to file a reply to respondent's response brief, arguing that respondent had raised new arguments to which petitioner should be permitted to respond.

On March 17, 2020, the administrative law judge (ALJ) presiding over the case issued a proposed order and judgment denying petitioner's motion for summary disposition, granting respondent's motion for summary disposition, denying petitioner's motion for leave to file reply brief, and determining that the property was not entitled to an exemption under MCL 211.7*l* for the 2019 tax year. After consulting dictionary definitions, the ALJ concluded that the term "belonging to" equated to ownership by way of legal title, and that the property therefore did not "belong to" the State.

In April 2020, petitioner filed with the Tribunal a motion for reconsideration of the denial of its motion for leave to file a reply brief. The Tribunal denied the motion.

In July 2020, the Tribunal entered a final opinion and judgment denying petitioner's motion for summary disposition and granting respondent's motion for summary disposition. The Tribunal adopted the ALJ's construction of the phrase "belonging to" in MCL 211.7*l* and concluded that the property did not belong to the State and that petitioner therefore was not entitled to a property tax exemption for the 2019 tax year.

This appeal followed.

## II. SUMMARY DISPOSITION

Petitioner argues that the Tribunal erred by granting respondent's motion for summary disposition and denying petitioner's motion. We disagree.

Absent a claim of fraud, this Court reviews decisions from the Tax Tribunal for the misapplication of law or the adoption of a wrong legal principle. We deem the tribunal's factual findings conclusive if they are supported by competent, material, and substantial evidence on the whole record. This Court reviews de novo the tribunal's interpretation of a tax statute. . . . Though this Court will generally defer to the Tax Tribunal's interpretation of a statute that it is delegated to administer, that deference will not extend to cases in which the tribunal makes a legal error. Thus, agency interpretations are entitled to respectful consideration but cannot control in the face of contradictory statutory text. [*SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 71; 894 NW2d 535 (2017) (quotation marks and citations omitted).]

We review de novo a trial court's grant or denial of summary disposition. See *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007). Tax exemption statutes are to be strictly construed in favor of the taxing authority. See *Mich United Conservation Clubs v Lansing Twp*, 423 Mich 661, 664-665; 378 NW2d 737 (1985).

The General Property Tax Act (GPTA), MCL 211.1 *et seq.*, governs real property subject to ad valorem taxation. At issue in this case is the interpretation of MCL 211.7*l*, which provides:

Public property belonging to the state, except licensed homestead lands, part-paid lands held under certificates, and lands purchased at tax sales, and still held by the state is exempt from taxation under this act. This exemption shall not apply to lands acquired after July 19, 1966, unless a deed or other memorandum of conveyance is recorded in the county where the lands are located before December 31 of the year of acquisition, or the local assessing officer is notified by registered mail of the acquisition before December 31 of the year of acquisition.

"If the language of [a] statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *US Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 13; 795 NW2d 101 (2009) (quotation marks and citation omitted; alteration in original). "Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011). "This Court must consider both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme." *US Fidelity*, 484 Mich at 13 (quotation marks and citation omitted). "When the Legislature uses different words, the words are generally intended to connote different meanings. Simply put, the use of different terms within similar statutes generally implies that different meanings were intended. If the Legislature had intended the same meaning in both statutory provisions, it would have used the same word." *Id*. at 15 (quotation marks and citations omitted.)

Petitioner argues that the property qualified for the exemption because the lease constituted a "transfer of ownership" under the GPTA, because the State was the "equitable" owner of the property under the lease, and because the State possessed and occupied the property and used it for a public purpose. We disagree.

First, MCL 18.1222 provides that

[p]roperty acquired for the state or a state agency through an installment lease agreement *is public property and shall be considered exempt for purposes of the general property tax act*, Act No. 206 of the Public Acts of 1893, being sections 211.1 to 211.157 of the Michigan Compiled Laws, *if the state as lessee under the installment lease agreement is required to pay any taxes or reimburse the lessor for any payments the lessor has made.* [Emphasis added.]

Under the plain language of MCL 18.1222, property thus may be deemed "public property" that is exempt under the GPTA, without regard to whether it "belongs to" the State, if certain conditions are met. Specifically, the provision is satisfied "if the state as lessee under [an] installment lease agreement" is required either to "pay any taxes" or to "reimburse the lessor for any payments the lessor has made." Neither of those conditions is satisfied by the lease in this case. The lease neither requires the State to pay any taxes on the property nor requires that the State reimburse petitioner for any tax payments. Consequently, the property is not exempt from taxation by virtue of MCL 18.1222.

Although petitioner argues that MCL 211.7*l* and MCL 18.1222 are "alternative paths to tax exemption," MCL 18.1222 expressly states that it applies to the entirety of the GPTA, including MCL 211.7*l*. This means that because MCL 18.1222 does not itself provide a path to exemption, petitioner must still satisfy all requirements for exemption under MCL 211.7*l*. Therefore, even if the property were deemed to be public property, petitioner must still demonstrate that it constitutes property "belonging to" the State.

Petitioner argues that the property "belongs to" the State by virtue of the lease, because the lease constituted a "transfer of ownership" under MCL 211.27a(6)(g). We disagree. The GPTA defines "transfer of ownership" in MCL 211.27a(6)(g), as follows:

*As used in this act, "transfer of ownership" means* the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest. Transfer of ownership of property includes, but is not limited to, the following:

\* \* \*

(g) A conveyance by lease if the total duration of the lease, including the initial term and all options for renewal, is more than 35 years or the lease grants the lessee a bargain purchase option. As used in this subdivision, "bargain purchase option" means the right to purchase the property at the termination of the lease for not more than 80% of the property's projected true cash value at the termination of the lease. After December 31, 1994, the taxable value of property conveyed by a lease with a total duration of more than 35 years or with a bargain purchase option shall be adjusted under subsection (3) for the calendar year following the year in which the lease is entered into. This subdivision does not apply to personal property except buildings described in section 14(6) and personal property described in section 8(h), (i), and (j). This subdivision does not apply to that portion of the property not subject to the leasehold interest conveyed. [Emphasis added; footnotes omitted.]

MCL 211.27a(6)(g) thus provides a definition of the phrase "transfer of ownership" that is applicable when that phrase is "*used in this act*." That is, the unambiguous meaning of MCL 211.27a(6)(g), see *US Fidelity*, 484 Mich at 13, is simply that its definition of the phrase "transfer of ownership" is to be applied when *that phrase itself* is used in the GPTA. In other words, MCL 211.27a(6)(g), as a definitional term, only applies when the phrase "transfer of ownership" is used in the GPTA, as it indeed is used in several GPTA exemptions. See, e.g., MCL 211.7o, MCL 211.7cc, and MCL 211.7kk. The term does not, however, appear in MCL 211.7*l*; accordingly, MCL 211.27a(6)(g) is not dispositive of our analysis of that exemption. Even supposing that the evidence might conceivably show that a "transfer of ownership" under MCL 211.27a(6)(g) was in progress, there was no evidence presented that any such transfer had been completed; accordingly petitioner would remain obligated to produce evidence establishing that the property actually and presently "belong[s] to" the State.

The phrase "belonging to the state" in MCL 211.7*l* is not defined in the GPTA or by prior caselaw. The Michigan Supreme Court has recognized that, in order to accord undefined statutory terms their plain and ordinary meanings, "[a] court may consult dictionary definitions when terms are not expressly defined by a statute." *Oakland Co Bd of Co Rd Comm'rs v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 604; 575 NW2d 751 (1998).[1] The Tribunal consulted a dictionary in interpreting the statutory language at issue, and concluded that "the phrase 'belonging to' in MCL 211.7l was intended to indicate that property 'owned' by the State was entitled to the exemption" and that the exemption did not apply to the property in this case. We find no error of law in the Tribunal's interpretation. *SBC Health Midwest, Inc*, 500 Mich at 71. Had the Legislature intended the phrase "belonging to" to include broader situations, such as leasehold agreements or installment purchase contracts, the Legislature could have used specific language to do so. For example, the Legislature stated, in part, in MCL 211.7m: "Property *owned by, or being acquired pursuant to, an installment purchase agreement* by a county, township, city, village, or school district used for public purposes . . . is exempt from taxation under this act." [Emphasis added.] Similarly, the Legislature stated in MCL 211.7z(1): "Property which is *leased, loaned, or otherwise made available* to a school district, community college, or other state supported educational institution . . . is exempt from taxation under this act." [Emphasis added.] "The omission of a provision in one part of a statute that is included in another should be construed as intentional . . . ." *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005).

Moreover, petitioner's proposed definition of "belonging to the state" as encompassing equitable ownership via a lease agreement would render MCL 18.1222 superfluous. That is, if equitable ownership via a lease agreement is sufficient to satisfy the "belonging to" requirement of MCL 211.7*l*—even if the lease does not require that the State pay taxes or reimburse the lessor for its tax payment—then the conditions set forth in MCL 18.1222 would have no meaning. We

---

[1] Petitioner argues that the Tribunal should not have consulted a dictionary in its analysis, because the phrase is not defined in the statute, there is no universal definition of the phrase, and the dictionaries did not contemplate the context of the entire statute. However, this ambiguity is precisely why the Tribunal's consultation of a dictionary was appropriate. *Oakland Co Bd of Co Rd Comm'rs*, 456 Mich at 604.

avoid statutory construction that would render any part of the statute surplusage or nugatory. See *Apsey v Mem Hosp*, 477 Mich 120, 127; 730 NW2d 695 (2007). We additionally note that even if we were to accept that the phrase "belonging to" encompassed equitable ownership, the facts that the purchase option in the lease is not binding, that the State is not obligated to pay taxes, and that petitioner otherwise held itself out as the owner tend to show that the State was not an equitable owner.

Further, MCL 211.7*l* also provides that "[t]his exemption shall not apply to lands acquired after July 19, 1966, *unless a deed or other memorandum of conveyance is recorded* in the county where the lands are located before December 31 of the year of acquisition, or the local assessing officer is notified by registered mail of the acquisition before December 31 of the year of acquisition." MCL 211.7*l* (emphasis added). This language suggests that a *present* transfer of legal ownership to the State, along with a recorded conveyance (or other prescribed notice provided to the taxing authority), is required in order for the exemption to apply. It is undisputed that petitioner did not file such a deed or memorandum of conveyance or inform the local assessing officer by registered mail of any acquisition of the property by the State. Strictly construed in favor of the taxing authority, *Mich United Conservation Clubs*, 423 Mich at 664-665, the property does not meet all of the requirements of MCL 211.7*l* and petitioner is therefore not entitled to the exemption.[2]

The Tribunal correctly granted respondent's motion for summary disposition, and dismissed petitioner's motion, because petitioner did not establish that the property was "public property belonging to the state" under MCL 211.7*l*. See *Washington*, 478 Mich at 417.

## III. DENIAL OF PETITIONER'S MOTIONS FOR LEAVE TO FILE A REPLY BRIEF AND FOR RECONSIDERATION

Petitioner argues that the Tribunal erred by denying petitioner's motion for leave to file a reply brief, and further erred by denying its motion for reconsideration to correct this supposed error. We disagree. We review for an abuse of discretion a trial court's decision whether to allow a brief that is not in compliance with the court's scheduling order. See *Kemerko Clawson, LLC* v *RxIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005) (noting that a trial court has discretion under the court rules to set deadlines through scheduling orders and to decline to consider motions filed outside of those deadlines). We also review for an abuse of discretion a trial court's decision regarding a motion for reconsideration. *Sherry v E Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859, 863 (2011). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Id.* (quotation marks and citation omitted).

Petitioner argues that respondent raised new arguments in its brief filed in response to petitioner's motion for summary disposition, and that petitioner therefore should have been permitted to respond to those arguments by way of a reply brief. We disagree with petitioner's

---

[2] We note that, if the State had been made responsible for the payment or reimbursement of property taxes under the lease, the property would have qualified for exemption under MCL 18.1222.

characterization of respondent's brief as raising new arguments. To the contrary, it is clear from the language of respondent's brief that respondent was simply addressing petitioner's arguments with respect to cases that it had cited in its motion for summary disposition, in which petitioner argued that the other cited Tribunal cases were dispositive notwithstanding certain factual differences. In its response brief, respondent responded to petitioner's arguments by citing to specific provisions of the lease as distinguishing this case from the other Tribunal cases cited by petitioner. This did not constitute a new argument requiring that the Tribunal afford petitioner a further opportunity to file a reply brief. Accordingly, the Tribunal did not abuse its discretion by denying petitioner's motion for leave to file a reply brief or by denying petitioner's motion for reconsideration. *Frischman*, 363 Mich at 628-629; *Sherry*, 292 Mich App at 31.

Affirmed.


/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Jane M. Beckering